## RIGRISH v. STATE OF INDIANA.

[No. 22,210. Filed November 20, 1912.]

1. INDICTMENT.—*Statement of Offense.*—*Sufficiency.*—An indictment describing the offense in the language used by the statute in defining it is, as a general rule, sufficient.   p. 472.

2. INTOXICATING LIQUORS.—*Keeping Place for Wrongful Sale.*—*Indictment.*—*Sufficiency.*—*Evidence.*—*Admissibility.*— Under §8351 Burns 1908, Acts 1907 p. 689, providing that any person who shall keep, run or operate a place where intoxicating liquors are sold, bartered or given away in violation of law shall be deemed guilty of a misdemeanor, an indictment charging the offense in the language of the statute is sufficient without alleging specific unlawful sales or naming the persons to whom such sales were made, or negativing any of the exceptions contained in the provisos of the

statute, and under such indictment evidence of all kinds of unlawful sales is admissible to support the charge.   p. 473.

3.  INTOXICATING LIQUORS.—*Keeping Place for Wrongful Sale.—Evidence.—Sufficiency.*—In the trial of defendant on an indictment charging him with operating a place where intoxicating liquors were sold contrary to law, evidence showing that the drug store where the sales were made was one of a number of stores owned by an incorporated drug •company composed of defendant and others, that intoxicating liquors were kept in quantities in such drug store, that it was a common occurrence for men to visit the store and procure drinks, that men would knock at the rear door and receive packages containing whisky, that empty whisky bottles were found in quantities in the alley at the rear of the store, that liquors were sold without prescriptions and to minors, and that large quantities of intoxicating liquor were shipped to the drug store, is sufficient to support a verdict of guilty.   p. 473.

4.  CRIMINAL LAW.—*Appeal.—Review.—Evidence.—Weight.*— It is the province of the jury to weigh the evidence before rendering its verdict and the Supreme Court will not weigh the evidence and reverse a verdict of guilty on the sufficiency thereof.   p. 474.

5.  INTOXICATING LIQUORS.—*Keeping Place for Wrongful Sale.—Corporations.—Directors.—Guilt.*—Where §8351 Burns 1908, Acts 1907 p. 689, making it a misdemeanor to keep and operate a place where intoxicating liquors are sold, bartered or given away in violation of law, is violated by a corporation owning and conducting drug stores where intoxicating liquors are unlawfully sold, the guilt goes to the individual members of the company, and not to the corporation.   p. 475.

6.  APPEAL.—*Motion for New Trial.—Instructions.—Waiver of Error.—Briefs.*—Alleged error in the giving of instructions is waived, where neither the instructions nor their substance are set out in appellant's brief as required by Rule 22 of the Supreme Court.   p. 475.

From Clinton Circuit Court, *Leonard J. Curtis,* Special Judge.

Prosecution by the State of Indiana against David W. Rigrish.   From a judgment of conviction, the defendant appeals.   *Affirmed.*

*Joseph P. Gray, O. E. Brumbaugh* and *Ira M. Holmes,* for appellant.

*Thomas M. Honan,* Attorney-General, *Thomas H. Branaman, Edwin Corr* and *James E. McCullough,* for the State.

SPENCER, J.—Appellant was convicted upon a grand jury indictment charging him with keeping and operating a place where intoxicating liquors were sold, bartered or given away in violation of §8351 Burns 1908, Acts 1907 p. 689.

Halford G. Davis, Bramble Perkins and appellant were indicted jointly by the grand jury of Clinton county, Indiana. Appellant's motion for a separate trial was granted, and on a plea of not guilty he was tried by a jury and convicted. The court overruled motions for a new trial and in arrest of judgment, and rendered judgment on the verdict.

The errors relied on for reversal are the overruling of appellant's motions (1) to quash the indictment, (2) for a new trial, and (3) in arrest of judgment.

The indictment, omitting formal parts, charges, "that David W. Rigrish * * * on the 26th day of December, A. D. 1911, and continuously thereafter, to and including the day of this presentment, at said county of Clinton and State of Indiana, did then and there, unlawfully keep, run and operate a place where intoxicating liquors were sold, bartered and given away, in violation of the laws of the State of Indiana," etc.

The part of §8351 Burns 1908, Acts 1907 p. 689, on which this indictment is based, reads as follows: "And any person who shall keep, run or operate a place where intoxicating liquors are sold, bartered or given away in violation of the laws of the State, * * * shall be deemed guilty of a misdemeanor and upon conviction shall be fined," etc. "The general rule is, that an indictment describing the offense in the language used by the statute in defining it is sufficient." *Donovan* v. *State* (1908), 170 Ind.

1. 123, 127, 83 N. E. 744. See, also, *Yazel* v. *State* (1908), 170 Ind. 535, 538, 84 N. E. 972; *Regandanz* v. *State* (1908), 171 Ind. 387, 391, 86 N. E. 446. It was competent to charge this offense in the language of the statute. It was not necessary under this part of the section of the

statute to allege specific sales of intoxicating liquors, or to name the persons to whom such sales were made in violation of the laws of the State. Evidence of all kinds of unlawful sales is admissible in support of the charge, and it is not necessary to set forth specific sales. *Donovan* v. *State, supra.*

''Neither was it necessary to allege that 'such intoxicating liquors were sold by appellant while he was the owner or proprietor of said place.' The allegation is that he 'did then and there unlawfully keep, run and operate a place where intoxicating liquors were sold,' etc., and facts were averred which show that the sales of intoxicating liquors made at said place were in violation of section one of the act of 1907, *supra.* This was a sufficient description of the character of the liquors sold. It is not necessary to mention the particular kind of intoxicating liquors.'' *Donovan* v. *State, supra.* It is not necessary to negative any exceptions contained in the provisos in this section of the statute. *Yazel* v. *State, supra; Donovan* v. *State, supra; Schondel* v. *State* (1910), 174 Ind. 734, 736, 93 N. E. 67. We think the indictment was sufficient.

Appellant contends, in support of his motion for a new trial, that the evidence was not sufficient to support the verdict. A careful review of the evidence will show that the Rigrish Drug Company is a corporation owning and operating three drug stores—one in Indianapolis, one in Martinsville, and one in Frankfort, Indiana. At the time of the alleged illegal sales, the company was composed of Frederick R. Rigrish, David W. Rigrish and William Winters.

The company's store in Frankfort, Indiana, was known as the Red Cross Drug Store, was established about May 15, 1911, and was located in the front room on the first floor of a two story building on Washington street. The company carried a full stock of merchandise, such as is usually kept

for sale in drug stores, including chemicals, drugs, soaps and sundries, and such articles as are found in a general prescription drug store. This stock was in charge of a licensed pharmacist. A restaurant was operated in the rear room, and there were sleeping rooms on the second floor. The prescription case, or room containing drugs and medicines, was partitioned off from the front part of the store. A door led into this room through the partition, and also a door opened into a hallway leading from the front of the building back to a small room used as a kitchen for the restaurant and as a storage room for the drug store. Intoxicating liquors were kept in quantities in the prescription room.

Numerous witnesses, produced by the State, testified to purchasing drinks of whisky and whisky in quantities of pints and half pints from appellant's clerks and servants; that men would knock at the rear door, and packages containing bottles of whisky were handed to them; that empty pint and half pint bottles were found in quantities in the alley at the rear of said drug store; that one witness purchased four half pint bottles of whisky in one day; that it was a common occurrence for men to visit this drug store and secure drinks; that servants of the company sold liquors without prescriptions and to minors; that large quantities of intoxicating liquors were shipped to appellant's drug store. The record discloses evidence of specific sales, in violation of the statute which we think will support the verdict on this charge. The jury heard the witnesses testify, saw their demeanor on the witness stand, and it

4. was its duty to determine the credibility of the witnesses, and weigh the evidence before rendering its verdict. The jury found that the evidence supported a verdict of guilty, therefore it does not become the province of this court to weigh the evidence and reverse this case on the sufficiency thereof.

Appellant urged throughout the trial that the alleged illegal sales of intoxicating liquors were made in the Red Cross Drug Store at a time when he was engaged in conducting a drug store in Martinsville, Indiana, and before September 1, 1911, when he took charge of the Red Cross Drug Store; that the alleged illegal sales were made prior to this date, and servants who made said sales have been convicted; that since September 1, 1911, the store has been in charge of Edward J. Hays, a registered pharmacist, assisted by appellant, Halford G. Davis and Bramble Perkins.

At the time of the alleged illegal sales, appellant was a member of the Rigrish Drug Company, a corporation owning and operating the three drug stores named. He assisted in directing the policies of each store, in naming their clerks and servants, and received a share of the profits therefrom. The charge in this case is keeping and operating a place where intoxicating liquors were sold, bartered or given away. The guilt in this kind of a case goes to the individual members of the company, and not to the corporation. We do not think appellant's contentions are sustained.

"A person licensed under the laws of this State to sell intoxicating liquors who shall 'keep, run, or operate a place where intoxicating liquors are sold, bartered or given away in violation of the laws of this State,' or, 'who shall be found in possession of such liquors for such purpose,' is guilty of a violation of said clause, and his license is no defense." *Yazel* v. *State, supra.*

Appellant has waived his assignment of errors as to the instructions given in this case by his failure to comply with the rules of this court. Neither the instructions nor their substance have been set out in his brief, as required by Rule 22 of this court. "The rule is well settled by repeated decisions of this court, that where

appellant's brief fails to set out in full or in substance the instructions about which he complains, no question in regard thereto is presented." *Radley* v. *State* (1910), 174 Ind. 645, 647, 92 N. E. 541. See, also, *Henderson* v. *Henderson* (1906), 165 Ind. 666, 75 N. E. 269; *Meyer* v. *State* (1909), 171 Ind. 673, 87 N. E. 141.

These being the only errors presented and not waived, we find no error in the record warranting a reversal.

Judgment affirmed.

NOTE.—Reported in 99 N. E. 786. See, also, under (1) 22 Cyc. 339; (2) 23 Cyc. 242; (3) 23 Cyc. 176; (4) 12 Cyc. 906; (5) 23 Cyc. 203; (6) 2 Cyc. 1015, 1016.