## ROWAN *v.* STATE OF INDIANA.

[No. 22,191. Filed December 10, 1912.]

1. INTOXICATING LIQUORS.—*Illegal Sales.—Prosecution.—Evidence. Sufficiency.*—In a prosecution for keeping and operating a place where intoxicating liquors are sold, bartered or given away in violation of §8351 Burns 1908, Acts 1907 p. 689, evidence showing that defendant established a drug store in the front room of his building, and that he used the rear room for keeping barrels, bottles and jugs of whisky, and bottled beer, that whisky was bought from defendant by the drink and in quantities of pints

and half pints, that men who entered the store sober were seen to leave the place under the influence of liquor and carrying bottles of beer, and that loud talking and the dropping of bottles were frequently heard in the rear room, was sufficient to justify a conviction, notwithstanding appellant held both a government and a state license, commonly known as a stamp and wholesale license. pp. 664, 666.

2. INTOXICATING LIQUORS.—*Illegal Sales.—Defenses.*—Where it appears that defendant sold liquors, in any quantity, to consumers, the fact that he has a wholesale license is no defense to a prosecution under §8351 Burns 1908, Acts 1907 p. 689, making it unlawful to keep and operate a place where intoxicating liquors are sold, bartered or given away in violation of law. p. 665.

From Grant Circuit Court; *H. J. Paulus,* Judge.

Prosecution by the State of Indiana against James Rowan. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Meade S. Hays,* for appellant.

*Thomas M. Honan,* Attorney-General, *Thomas H. Branaman, Edwin Corr* and *James E. McCullough,* for the State.

SPENCER, J.—Appellant was found guilty on an affidavit charging him with keeping and operating a place where intoxicating liquors were sold, bartered or given away, in violation of §8351 Burns 1908, Acts 1907 p. 689. He pleaded not guilty. Trial by jury, finding appellant guilty as charged. On the overruling of a motion for a new trial, the court rendered judgment on the verdict. The only error relied on for a reversal is that the court erred in overruling appellant's motion for a new trial.

Appellant contends, in support of his motion for a new trial, that the evidence was not sufficient to support the verdict. A brief review of the evidence will show

1. that prior to the year 1911, appellant erected a building at 1136 Branson street, in the city of Marion, Indiana, and conducted a saloon therein for a while, then he converted it into a "Social Club", where its members could secure liquors; that he was convicted of running a

"blind tiger", when he abandoned his "Social Club" enterprise and opened a drug store; that his building is composed of two rooms, the front room containing a stock of drugs, medicines, cigars, tobaccos and sundries, which was in charge of a licensed pharmacist, while the rear room contained barrels, bottles and jugs of whisky and bottled beer, in charge of appellant, who held both a government and a state license, commonly known as a stamp and wholesale license; that when the police of Marion raided appellant's drug store, they found a large quantity of whisky, about forty bottles of beer on ice, several filled cases and ten barrels of empty beer bottles.

Witnesses testified that they had bought drinks of whisky from appellant, and in quantities of pints and half-pints; that men who entered the drug store sober were seen coming away under the influence of liquor, and carrying with them bottles of beer; that loud talking and the dropping of bottles were frequently heard in the rear room of appellant's drug store. Appellant insists that the above evidence was not sufficient to find him guilty of keeping a place where intoxicating liquors are sold, bartered or given away, in violation of the law.

"The gravamen of the offense denounced is the *keeping* of a place where liquors are unlawfully disposed of. The naked fact of being a wholesaler is no defense. The wholesaler has his limits, beyond which he cannot go without suffering the same penalty as he who is unable to show any legal authority to traffic in liquors. He may in good faith conduct a wholesale business, but in doing it, if at the same time and place he indulges, or knowingly suffers another in his behalf to sell, barter, or give away intoxicating liquors, to consumers in any quantity, he comes within the condemnation of the statute. *Skelton* v. *State* (1910), 173 Ind. 462 [89 N. E. 860, 90 N. E. 897]. With respect to sales to consumers in any quantity, his being a wholesaler is no better shield than being a grocer, if it is

shown that he keeps the place for illicit disposition as well as wholesaling. Besides, the jury had the right to find, if it thought the evidence proved it, that appellant was not in fact a wholesaler, and was using his government tax receipt, as a wholesaler, as a cloak to cover his transaction as an illicit retailer." *Dressel* v. *State* (1910), 174 Ind. 752, 755, 93 N. E. 211. See, also, *Donovan* v. *State* (1908), 170 Ind. 123, 83 N. E. 744; *Yazel* v. *State* (1908), 170 Ind. 535, 84 N. E. 972.

The court did not err in overruling the motion for 1. a new trial on account of insufficiency of the evidence.

Judgment affirmed.

NOTE.—Reported in 100 N. E. 9. See, also, under (1) 23 Cyc. 276; (2) 23 Cyc. 189.