## McDougal v. State of Indiana.

[No. 22,719.　Filed April 16, 1915.]

1. Intoxicating Liquors.—*Keeping Place for Unlawful Sale.—
   Evidence.—Statutes.—Druggists.—*In a prosecution under §8351
   Burns 1914, Acts 1907 p. 689, for keeping a place for the unlaw-
   ful sale of intoxicating liquors, the court erred in refusing to
   admit evidence showing that during the time of the sales proved
   by the State the defendant was a licensed druggist and phar-
   macist, since the proviso to said section, as well as the history
   of the legislation, clearly discloses the legislative intent that the
   section should not apply to a duly licensed druggist or pharmacist.
   (*Rigrish* v. *State* [1912], 178 Ind. 470; *Rowan* v. *State* [1912],
   178 Ind. 663; and *Dressel* v. *State* [1910], 174 Ind. 752, dis-
   tinguished.)　pp. 168, 171.

2. Statutes.—*Provisos.—Construction.—*The appropriate office of
   a proviso in a statute is to restrain the enacting clause and
   except something which would otherwise have been within it,
   and, where the legislative intent is clear, the courts are not
   authorized to deal with the wisdom of such exceptions, though
   they may consider the reasonableness of an assumed intent where
   the purpose is uncertain.　p. 170.

From Randolph Circuit Court; *Wm. A. Thompson,* Special
Judge.

Prosecution by the State of Indiana against William E.
McDougal.　From a judgment of conviction, the defendant
appeals.　*Reversed.*

*White & Haymond* and *W. P. Parry,* for appellant.

*Richard M. Milburn,* Attorney-General, *Bert E. Wood-
bury, Horace M. Kean, Leslie R. Naftzger, Omer S. Jackson,
Michael A. Sweeney* and *Wilbur T. Gruber,* for the State.

Morris, J.—Appellant was indicted under §1 of the act
of March 16, 1907, commonly called the "Blind Tiger" law.
Acts 1907 p. 689, §8351 Burns 1914.　It was charged

1. that he did "keep, run and operate a place where
   intoxicating liquors were sold, bartered and given
away in violation of the laws of the State of Indiana."　A
trial by jury resulted in his conviction.　The evidence ad-
mitted on behalf of the prosecution showed that appellant

operated a drug store, where, on various occasions, he sold intoxicating liquors without any prescription or written application. On his defense, he offered evidence to show that during all the time embracing the period within which the unlawful sales occurred as shown by the State's evidence, he was a licensed druggist and pharmacist. §§9727, 9728, 9729 Burns 1914, Acts 1907 p. 317. The offer was refused and this ruling is the basis of the only question here presented. Section 8351 Burns 1914, *supra,* provides, among other things that ''any person who shall  *  *  *  operate a place where intoxicating liquors are sold  *  *  *  in violation of the laws of the State  *  *  *  shall be deemed guilty of a misdemeanor  *  *  *  *provided that none of the provisions of this section shall apply to any druggist or pharmacist who is licensed as such by the state board of pharmacy  *  *  *.''* (Italics ours.) Another proviso deals with wholesale liquor dealers. The statute was approved March 16, 1907. At the same legislative session, by an act approved February 13, 1907, the General Assembly passed a statute relating to the subject of regulation of the liquor traffic. Section 1 of that statute was substantially copied in §1 of the act approved March 16, 1907 (§8351, *supra*), to which was added the proviso that we have italicized.

Counsel for appellant urge that to sustain the ruling of the trial court the druggist proviso of §8351, *supra,* must be ignored and that courts are without rightful power to disregard any constitutional statutory provision; that the legislative purpose to except licensed druggists and pharmacists from the operation of the provisions of the section is shown by the language of the proviso alone, but that, when considered in connection with the history of the legislation, and of the provisions of other statutes relating to druggists, such purpose is so clearly manifested as to preclude doubt. The Attorney-General seeks to meet such contention with the statement that this court has held other-

wise, and cites *Rigrish* v. *State* (1912), 178 Ind. 470, 99 N. E. 786. In the opinion in that case, the effect of the proviso here discussed was not considered, nor was such question presented by the briefs filed. This appeal presents the question to this court for the first time. The Attorney-General also contends that for analogous reasons the question should be deemed as decided adversely to appellant's contention by *Rowan* v. *State* (1912), 178 Ind. 663, 100 N. E. 9, and by *Dressel* v. *State* (1910), 174 Ind. 752, 93 N. E. 211, and cases cited. It will be noted that those cases deal with attempted defenses by appellants who claimed to be licensed as wholesale dealers. The proviso in relation to such dealers does not purport to except them generally from the operation of the section, but only when they refrain from selling in quantities less than five gallons, and to persons other than retailers. Neither Rowan nor Rigrish, as shown by the opinions, came within the letter or spirit of the wholesale dealer proviso as each sold to consumers in less quantities than five gallons. The Dressel case further holds that in that case the evidence warranted a finding that appellant there was not a wholesaler but was merely using a Federal tax receipt as a wholesaler to cover an illicit retail business. Whether, in a proper case, a jury might be warranted in finding that a druggist's license is a sham to cover an illicit traffic in liquor we do not consider, because no such question is presented here. This appeal presents the single question of the admissibility in evidence of proof that appellant was a licensed druggist.

The general and appropriate office of a proviso is to restrain the enacting clause and except something which would otherwise have been within it. *Wayman* v. 2. *Southard* (1825), 23 U. S. 1, 6 L. Ed. 253. With the wisdom of such exceptions, as of legislation generally, courts are not authorized to deal, where the legislative intent is unequivocal. Where such purpose is uncertain, however, the reasonableness of an assumed intent may

be considered. *Indianapolis Union R. Co.* v. *Waddington* (1907), 169 Ind. 448, 455, 82 N. E. 1030.

The language of this proviso to the effect that no provision of the section shall apply to a licensed druggist appears so plain as to practically foreclose controversy. There

1. are however reasons that might have caused the General Assembly to adopt a policy of excepting licensed druggists from the operation of the provisions of the section. By §12 of said act approved February 13, 1907, it was provided that a licensed druggist convicted for the first time of selling intoxicating liquors in violation of law thereby forfeited, for a period of two years any right to sell such liquors, and that on a second conviction he should suffer a revocation of his license. §8348 Burns 1914, Acts 1907 p. 27. By §13 of the same act (§8349 Burns 1914, Acts 1907 p. 27) it was made unlawful, under severe penalties, for a licensed druggist to sell intoxicating liquor, in any quantity, without a written prescription of a reputable practicing physician, while §2 of said act of March 16, 1907 (§8352 Burns 1914, Acts 1907 p. 689) provides that a licensed druggist may sell intoxicating liquors in quart quantities, for medicinal, industrial and scientific purposes only, on prescription or written application. A violation of the provisions of the section subjects the offender to the same minimum penalty as is provided in §8349 Burns 1914, *supra*. *Shank* v. *State* (1915), *post* 298, 108 N. E. 521.

It is not improbable, as appellant's counsel suggest, that the General Assembly of 1907, when it came to a consideration of the proper enactment of the statute of March 16, 1907, concluded that the provisions in relation to revocation of licenses and punishment for illegal sales were sufficient to restrain licensed druggists or pharmacists from violating the law without making them amenable to the penalties of the "Blind Tiger" provisions, and, because of such conclusion, the proviso in question was inserted in the later enactment. Whatever reason may have induced the legis-

lature of 1907 to insert the licensed druggist proviso in the otherwise substantial reënactment of §1 of the act of February 13, 1907 (Acts 1907 p. 27, §8337 Burns 1908), we are not warranted in disregarding it, and are constrained to hold that the court committed reversible error in excluding the offered evidence. Judgment reversed, with instructions to sustain appellant's motion for a new trial.

Note.—Reported in 108 N. E. 524. As to what are unlawful sales of intoxicating liquors, see 12 Am. St. 353. See, also, under (1) 23 Cyc. 166; (2) 36 Cyc. 1161, 1102, 1106.