## WHITE v. STATE OF INDIANA.

[No. 22,718. Filed April 20, 1915.]

INTOXICATING LIQUORS.—*Keeping Place for Unlawful Sale.—Druggists.*—A regularly licensed and registered pharmacist is not amenable to prosecution under §8351 Burns 1914, Acts 1907 p. 689, §1, for the unlawful sale of intoxicating liquors in his place of business.

From Randolph Circuit Court; *Wm. A. Thompson*, Special Judge.

Prosecution by the State of Indiana against John H. B. White. From a judgment of conviction, the defendant appeals. *Reversed.*

*White & Haymond* and *W. G. Parry*, for appellant.

*Richard M. Milburn*, Attorney-General, *Bert E. Woodbury, Horace M. Kean, Leslie R. Naftzger, Omer S. Jack-*

son, Michael A. Sweeney and Wilbur T. Gruber, for the State.

Cox, J.—This is an appeal from a conviction of appellant on a charge that he did keep and operate a place where intoxicating liquors were sold, bartered and given away in violation of §1 of the act approved March 16, 1907, commonly known as the "Blind Tiger" law. Acts 1907 p. 689, §8351 Burns 1914.

Appellant, at the time of the charge on which his conviction rests, owned and operated in the city of Winchester a large and fully equipped drug store in which was carried on an extensive general retail drug store business which involved the compounding and dispensing of drugs and medicines containing poisons, and elixirs and fluid extracts many of which required the use of distilled and fermented alcoholic spirits. The evidence for the State showed that in this store intoxicating liquors were sold in violation of the law. Appellant was at the time regularly licensed as a registered pharmacist under the laws of this State. §9727 et seq. Burns 1914, Acts 1907 p. 317. In his employ, in charge of the management of the store in his absence, appellant kept another registered, licensed pharmacist.

Presented in various ways the one substantive question of law involved in this appeal is whether appellant was amenable to prosecution under the "Blind Tiger" law. The decision of this court in McDougal v. State (1915), ante 168, 108 N. E. 524, decided in this term requires a determination of the question in the negative.

Judgment reversed with instructions to sustain appellant's motion for a new trial.

NOTE.—Reported in 108 N. E. 586. As to what sales of liquors are unlawful, see 12 Am. St. 353. As to the validity of a statute regulating the use and sale of liquor by druggists, see 10 Ann. Cas. 401. See, also, 23 Cyc. 166.