State *v.* McCrocklin—186 Ind. 277.

---

## STATE OF INDIANA *v.* MCCROCKLIN.

### [No. 23,046. Filed April 27, 1917.]

1. ELECTIONS.—*Corrupt Practices.—Statute.—Scope.—Local Option Elections.*—The Corrupt Practices Act of 1911, as amended by the act of 1913, Acts 1913 p. 489, §7111a *et seq.* Burns 1914, applies to a local option election to determine whether the sale of intoxicating liquors shall be prohibited in a township. p. 278.

2. ELECTIONS.—*Corrupt Practices.—Indictment.—Sufficiency.*—An indictment for a violation of §7111k Burns 1914, Acts 1913 p. 489, 502, relating to corrupt practices in elections, is insufficient if it fails to aver that the defendant gave money for the purpose of inducing the person named to vote, or refrain from voting, for or against the proposition submitted to the electors at the election in question. pp. 279, 280.

3. INDICTMENT AND INFORMATION.—*Corrupt Practices.—Statement of Offense.*—An indictment is sufficient if it charges the offense in the language used by the statute. p. 279.

4. ELECTIONS. — *Corrupt Practices.—Indictment.—Sufficiency.—Statute.*—An indictment for a violation of §7111k Burns 1914, Acts 1913 p. 489, 502, relating to corrupt practices in elections, need not aver that the person to whom money was given voted, as it is the giving of the money for the purpose of inducing him to vote, or to refrain from voting, for or against the proposition submitted that constitutes the gravamen of the offense,

it being immaterial, if the money were so given, which way the person receiving it voted or whether he voted at all.  p. 280.

From Sullivan Circuit Court; *William H. Bridwell,* Judge.

Prosecution by the State of Indiana against John McCrocklin.  From a judgment quashing the indictment, the State appeals.  *Affirmed.*

*Evan B. Stotsenburg,* Attorney-General, *M. L. Pigg* and *Wilbur T. Gruber,* for the State.

*John W. Lindley* and *Walter F. Wood,* for appellee.

ERWIN, J.—This was a charge of violating the Corrupt Practices Act of 1911, as amended by §7 of the act of 1913, Acts 1913 p. 489, 502, §7111k Burns 1914. This section was erroneously copied into Burns' Statutes.

The charge in this indictment was that appellee "did then and there unlawfully and feloniously, directly and indirectly, by himself and others, give, offer and promise to John R. Beach money, gift, advantage, preferment, entertainment, aid, emolument and thing of value, to wit: Five ($5.00) Dollars, for the purpose of inducing and procuring said John R. Beach to vote upon a certain measure and proposition at a certain special election, commonly called a local option election held pursuant to the laws of the State of Indiana and governing such elections in Curry township, Sullivan county, State of Indiana on May 28, 1915, in which the measure and proposition to be voted on at said special election aforesaid was 'Shall the sale of intoxicating liquors as a beverage be prohibited in Curry township, Sullivan County, and State of Indiana.' "

It is contended by appellee that the Corrupt 1. Practices Act does not apply to this kind of an election.  This court has decided that it does.

*State* v. *Fairbanks* (1917), —— Ind. ——, 115 N. E. 769.

The part of the section under which this indictment was brought, reads as follows: "Every person who shall, directly or indirectly, by himself or another, give or offer or promise to any person any money, gift, advantage, preferment, entertainment, aid, emoluments, or any valuable thing whatever, for the purpose of inducing or procuring any person to vote, or refrain from voting, *for or against* any person or *for or against* any measure or proposition," etc.    (Our italics.)

It is contended by appellee, which contention was a part of his specifications to the motion to quash, that as the indictment fails to aver that appellee gave the money for the purpose of inducing the person named to vote "for the proposition or against the proposition," therefore, the indictment is insufficient.    We are of the opinion that appellee's position is well taken.    The indictment alleges that he gave the person the money "for the purpose of inducing and procuring said John R. Beach *to vote upon a certain measure and proposition,*" etc., without alleging that the purpose was to induce said party to vote *for* or *against* said proposition.    (Our italics.)    It is sufficient to charge the offense in the language of the statute.    *Rigrish* v. *State* (1912), 178 Ind. 470, 99 N. E. 786.    In the instant case the indictment does not follow the language of the statute.    The offense indicated by the statute is not the giving of money simply to induce the person to vote, but for the purpose of inducing him to vote *for* or *against* a proposition.

It is contended also that, as the indictment does not allege that the person voted, no offense is charged.

It was the intention of the legislature to prevent the control of elections, by the use of money or by "treat-

ing" or other means mentioned in the statute, in passing the act under consideration. It is immaterial which way the party voted, or whether he voted at all. It is the giving of the money for the purpose of inducing him to vote that constitutes the gravamen of the offense.

The failure to aver that the money was given for the purpose of inducing the party to vote *for* or *against* the proposition renders the indictment insufficient and the judgment should be affirmed. Judgment affirmed.

NOTE.—Reported in 115 N. E. 929. Bribery of voters as an offense, 97 Am. Dec. 716.