## STATE OF INDIANA *v.* SHRODE ET AL.

[No. 17,853. Filed February 16, 1949.]

*Cleon H. Foust,* Attorney General, *Frank E. Coughlin,* First Deputy Attorney General, *Oscar C. Crawford,* Deputy Attorney General, *Frederick W. Harrison,* Deputy Attorney General, and James P. Wason (of counsel), for appellant.

*Lorin H. Kiely,* of Evansville, for appellee.

ROYSE, P. J.—This case questions the jurisdiction of a juvenile court over a child who has been committed by such court to the Indiana Boys' School. The facts may be summarized as follows:

Robert M. Shrode was born May 4, 1930. On March 26, 1945 he was made a ward of the Juvenile Division of the Probate Court of Vanderburgh County and placed in the custody of White's Training School. He subsequently ran away from that school. On August 30, 1945 said court placed him in the custody of the Gibault School for Boys. He ran away from this school. On September 19, 1945 said court committed this boy to the care and control of the Board of Managers of the Indiana Boys' School until he attained the age of 21 years, or until sooner discharged by said Board of

Managers. Again he ran away, was apprehended, and on October 14, 1946 ordered returned to said last mentioned institution. At about this time the Board of Managers of the Indiana Boys' School, pursuant to authority granted by the Department of Public Welfare of Indiana, transferred him to the Indiana Reformatory at Pendleton.

On December 16, 1947 appellee Eugene Shrode, who is the natural father of Robert M. Shrode, filed his verified petition in the Juvenile Division of the Probate Court of Vanderburgh County to modify the judgment of said court in said matter and restore said child to his parent. After pleas in abatement had been overruled the Attorney General filed a demurrer to the petition. The grounds stated in the demurrer are: The court had no jurisdiction of the subject-matter or the person; that when the boy was committed by the court to the Indiana Boys' School, he was sentenced and committed to the Board of Managers thereof until he reached the age of twenty-one years or sooner discharged, and that the action giving the court jurisdiction of this boy as a delinquent child only continued until said boy was committed to a correctional or other state institution, and it was further provided by this law giving jurisdiction in the first instance that any child committed to any state institution shall be committed until said child obtains the age of twenty-one years or is sooner released by the board of control of such institution, and that whatever jurisdiction the court had over the said Robert M. Shrode was lost when he was committed to the Indiana Boys' School, and citing Sections 7 and 16 of Chapter 356 of the Acts of 1945, §§ 9-3207, 9-3216, Burns' 1942 Replacement (1947 Supp.) ; that there was a defect of parties defendant to the petition, to-wit: Russell D. Moore, the gen-

eral superintendent of the Indiana Reformatory in whose custody the boy now is, and Albert H. Jessup, superintendent of the Indiana Boys' School in whose custody the boy was committed by the Juvenile Court, and that neither of said superintendents or the board of trustees of said institutions have been made parties to this action, and any order made against either of the said superintendents before they are properly and legally brought into court and made parties hereto would be illegal and void, without jurisdiction and without right; that the petition does not contain sufficient facts to constitute a cause of action or a cause to reopen the judgment in the case of Robert M. Shrode, for the petition itself shows that the court had committed the boy to the Board of Managers of the Indiana Boys' School until he reached the age of twenty-one years or sooner discharged and by so doing, the Juvenile Court lost all jurisdiction in the case; that the sole power of transfer from a correctional school to a penal institution is vested in the State Department of Public Welfare under Section 5(n) of the Welfare Act; § 52-1104-n, Burns' 1933 (1947 Supp.); that no legal grounds for the Juvenile Division of the Probate Court in Vanderburgh County to re-open the judgment entered by the said court when it committed the said Robert M. Shrode to the Indiana Boys' School, is shown by the petition; that the boy is still 17 years of age and before the court can modify the judgment, the petition must show facts giving the court right so to do; that no facts are shown by the petition giving the court such right, but the petition affirmatively shows that the court had lost jurisdiction over said Shrode when it committed said boy to the Indiana Boys' School. A memorandum was filed with the demurrer

quoting the provisions of §§ 7 and 16 of the Acts of 1945, *supra.*

The demurrer was overruled. Trial resulted in finding for petitioner and the order committing Robert M. Shrode to the Indiana Boys' School was modified and he was released to his father under the supervision of the trial court's probation officer. From that judgment the Attorney General has appealed to this court.

In view of the conclusion we have reached, we need consider only the question of the assigned error that the trial court erred in overruling the demurrer.

Section 7, Ch. 356, Acts 1945, § 9-3207, Burns' 1942 Replacement (1947 Supp.), provides as follows:

> "When jurisdiction shall have been obtained by the 'court' in the case of any child, such child shall continue under the jurisdiction of the court until he becomes twenty-one (21) years of age unless discharged prior thereto *or is committed to a correctional or other state institution.* A person subject to the jurisdiction of the juvenile court under this act (§§ 9-3201, 9-3224) may be brought before it by either of the following means and no other:
>
> "(a) By petition praying that the person be adjudged delinquent or dependent or neglected;
>
> "(b) Certification and transfer from any other court before which any such person is brought charged with the commission of a crime." (Our emphasis).

Section 16 of said Act, § 9-3216, Burns' 1942 Replacement (1947 Supp.), provides as follows:

> "An order or commitment made by the court in the case of a child shall be subject to modification or revocation from time to time.
>
> "A parent, guardian, or next friend of a child who has been committed by the court to the custody of an institution, agency or person, may at any time file with the court a verified petition, stating

that such institution, agency or person has denied application for the release of the child or has failed to act upon such application within a reasonable time. If the court is of the opinion that an investigation should be had, it may, upon due notice to all concerned, proceed to hear and determine the question at issue. It may thereupon order that such child be restored to the custody of its parent or guardian or be retained in the custody of the institution, agency or person, and may direct such institution, agency or person to make such other arrangements for the child's care and welfare as the circumstances of the case may require; or the court may make a further order or commitment: *Provided, however, That any child committed to any state institution shall be committed until such child attains the age of twenty-one (21) years or is sooner released by the board of control of such institution.*" (Our emphasis).

It is well settled that the general and appropriate office of a proviso is to restrain the enacting clause and except something which would otherwise have been within it. *State of Indiana* v. *Barrett* (1909), 172 Ind. 169, 175, 87 N. E. 7; *McDougal* v. *State* (1915), 183 Ind. 168, 169, 170, 108 N. E. 524; *McDaniels* v. *McDaniels* (1945), 116 Ind. App. 322, 330, 62 N. E. 2d 876.

While it is true Juvenile Courts have original jurisdiction in all cases of juvenile delinquency, there may be jurisdiction of the general subject and yet no jurisdiction of the subject-matter of the particular case. *Jackson* v. *Smith* (1889), 120 Ind. 520, 522, 22 N. E. 431.

We are of the opinion that by the emphasized provisions of the statute quoted above, a juvenile court loses all jurisdiction over a juvenile after it has committed him to *any state institution.* Therefore, the trial court erred in overruling the demurrer of appellant.

Judgment reversed, with instructions to sustain the demurrer to the petition.

NOTE.—Reported in 83 N. E. 2d 900.