## BUTT *v.* THE LAKE SHORE AND MICHIGAN SOUTHERN RAILWAY COMPANY.

[No. 19,739.     Filed November 25, 1902.]

APPEAL.—*Transcript.*—*Incorporation of Bill of Exceptions.*—Where what purports to be a bill of exceptions is attached after the clerk's certificate, but is not identified as a bill of exceptions in the cause, it will not be considered on appeal. *p. 491.*

SAME.—*Fatal Defect in Transcript.*—*When Cause Affirmed.*—Where the questions sought to be presented by an appellant depend upon the incorporation in the record of a certain bill of exceptions, and such bill is not properly certified by the clerk, which fact had long since been pointed out by appellee in his brief, but no steps are taken by appellant to amend his transcript, the cause will be affirmed. *pp. 491, 492.*

From Elkhart Circuit Court; *H. D. Wilson,* Judge.

Action by Catherine Butt against the Lake Shore and Michigan Southern Railway Company. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*J. D. Osborne, R. M. Johnson* and *Robert Lowry*, for appellant.

*C. W. Miller, J. S. Drake* and *S. C. Hubbell*, for appellee.

GILLETT, J.—Upon the conclusion of the evidence in this case, the trial court instructed the jury, to whom the cause was submitted, to find for appellee. The jury so found, and final judgment was rendered that appellant take nothing by her suit. A motion for a new trial was filed by her. This motion was overruled, and the ruling is here assigned as error. Other assignments of error were made, but they have not been discussed. It is contended by appellant's counsel that said motion should have been granted because of the giving of said instruction, and because of the exclusion of a certain item of documentary evidence.

Appellee's counsel insist that the evidence is not in the record, because the document that purports to be the original bill of exceptions is not incorporated into the transcript, but has been attached to the transcript following the certificate of the clerk. The certificate of the clerk states "that the *above* and *foregoing* transcript contains full, true, perfect, and complete copies of all papers, entries, rulings, and proceedings, together with the original bill of exceptions containing the evidence." All further general references in the clerk's certificate to such document must therefore be understood to refer to a bill of exceptions containing the evidence that should, but does not, precede the clerk's certificate. The document attached to the transcript that purports to be the bill of exceptions containing the evidence is, therefore, not certified. Mr. Ewbank, in his Manual of Practice, §116, says: "The bill of exceptions as well as all other parts of the transcript must precede the clerk's certificate and be identified by it." It was held by this court, in *De Hart* v. *Board, etc.*, 143 Ind. 363, where the bill of exceptions was attached after the clerk's certificate, and not identified as a bill of exceptions in the cause, that it could not be considered. To the same effect, see

*Huber Mfg. Co.* v. *Busey,* 16 Ind. App. 410. Upon this state of the record, it is evident that appellant's counsel are not in a situation to urge successfully the points on which they rely for a reversal.

The above objection was made by appellee's counsel in a brief filed March 15, 1902, but no steps have since been taken to amend the transcript. If the transcript were imperfect, we would dismiss the appeal, but here the transcript, in so far as it can be said to be such, is perfect, and the cause coming to us upon regular distribution without the transcript being amended, months after the point has been made, we must affirm the decision below, either upon the above or some other ground.

Notwithstanding the fact that the record is in the condition indicated, we have examined what purports to be the transcript of the evidence, but, after consideration, we have concluded that the above stated reason is at least the safer ground on which to affirm the cause.

Judgment affirmed.