## MYERS v. THE STATE OF INDIANA.

[No. 21,312.   Filed February 17, 1909.]

APPEAL.—*Briefs.*—*Failure to Set Out Questioned Affidavit.*—Where appellant's brief fails to set out in words or substance the affidavit alleged to be defective, no question is presented thereon.

From Wabash Circuit Court; *A. H. Plummer,* Judge.

Prosecution by The State of Indiana against Clarence Myers. From a judgment of conviction, defendant appeals. *Affirmed.*

*D. F. Brooks,* for appellant.

*James Bingham,* Attorney-General, *A. G. Cavins, E. M. White* and *William H. Thompson,* for the State.

HADLEY, J.—Appellant was fined, under the Nicholson law, for permitting a person other than a member of his family to enter his saloon on the Fourth of July.

The only error assigned is the overruling of his motion in arrest of judgment.

The Attorney-General calls attention to appellant's non-compliance with the fifth clause of rule twenty-two of this court, and insists upon the rule's enforcement. The motion in arrest calls in question the legal sufficiency of the charge to state a public offense.

Neither the affidavit upon which the judgment is founded

nor the motion in arrest is set out in appellant's brief, nor is any attempt made to state therein the substance of either the affidavit or motion. There is, therefore, no question presented for decision. *Henderson* v. *Henderson* (1906), 165 Ind. 666; *American Food Co.* v. *Halstead* (1905), 165 Ind. 633; *Springer* v. *Bricker* (1905), 165 Ind. 532; *Knickerbocker Ice Co.* v. *Gray* (1905), 165 Ind. 140; *Tongret* v. *Carlin* (1905), 165 Ind. 489; *Chicago, etc., R. Co.* v. *Walton* (1905), 165 Ind. 253; *Tuthill Spring Co.* v. *Holliday* (1904), 164 Ind. 13; *Schreiber* v. *Worm* (1904), 164 Ind. 7; *Barricklow* v. *Stewart* (1904), 163 Ind. 438; *Cleveland, etc., R. Co.* v. *Stewart* (1903), 161 Ind. 242.

Judgment affirmed.