## ROWAN v. STATE OF INDIANA.

[No. 22,890.   Filed February 15, 1916.]

1. CRIMINAL LAW.—*Appeal.*—*Waiver of Error.*—Alleged error in sustaining a demurrer to a special plea filed by appellant was waived by appellant's failure to set out in his brief a copy of such special plea and the demurrer or the substance of either, as required by Rule 22, which applies in criminal as well as in civil cases. p. 400.

2. CRIMINAL LAW.—*Rulings on Demurrers.*—*Presenting Ruling for Review.*—The ruling on a demurrer addressed to a special plea in bar is not ground for a new trial, and can be presented for review only by independent assignment of error. p. 401.

3. APPEAL.—*Bill of Exceptions.*—*Record.*—Where the record contained a transcript of certain order book entries and of papers filed, followed by a general certificate of the circuit clerk, and following such certificate there was a purported bill of exceptions containing a further transcript of papers and entries, a statement of the alleged evidence, and a copy of the instructions and at the close of that part of the purported bill of exceptions containing the pleadings and entries appeared the signatures of the judge and clerk, while at the end of the entire paper the court reporter had certified the "above and foregoing" to be a full, true and correct copy of all the evidence taken in the cause, but there was no certificate of the trial judge that the bill of exceptions contained all the evidence, and no certificate of the clerk following the bill of exceptions to authenticate the same, the purported bill of exceptions was no part of the record. p. 401.

4. APPEAL.—*Record.*—*Bill of Exceptions.*—*Certification.*—The general certificate of the circuit clerk should not precede or form a part of the bill of exceptions containing the evidence, but should be at the conclusion of the transcript and authenticate the bill of exceptions containing the evidence, as well as all other papers and entries embraced in the transcript. p. 402.

5. APPEAL.—*Bill of Exceptions.*—*Certificate of Reporter.*—A statement in the court reporter's certificate appended to the evidence transcribed and embodied in the bill of exceptions, that the evidence so transcribed is all the evidence given in the case, is mere surplusage, constitutes no part of the bill of exceptions, and cannot be considered. p. 402.

6. APPEAL.—*Record.*—*Bill of Exceptions.*—A purported bill of exceptions is not in the record where it affirmatively appears to have been filed with the clerk of the circuit court after the authenticity of the record had been certified to by such clerk. p. 402.

7. APPEAL.—*Questions Reviewable.*—*Instructions.*—No question is presented on alleged error in the instructions where such instruc-

tions did not appear in the record, except in so far as they were improperly incorporated in a purported bill of exceptions which formed no part of the record. p. 403.

8. APPEAL.—*Presenting Questions for Review.—Objections to Evidence.*—Objections to the admission of evidence may be presented for review only as ground for a new trial, and will be considered, only when the evidence is in the record. p. 403.

9. APPEAL.—*Record.—Duty of Appellant.*—It is for the appellant to see that the record contains a complete and accurate transcript of so much of the proceedings below as shall be sufficient properly to present the alleged errors of which he complains. p. 403.

From Grant Circuit Court; *H. J. Paulus*, Judge.

Prosecution by the State of Indiana against Fred Rowan. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Harry E. Roberts*, for appellant.

*Evan B. Stotsenburg*, Attorney-General, *Wilbur F. Williams, Leslie R. Naftzger, Omer S. Jackson, Michael A. Sweeney* and *Wilbur T. Gruber*, for the State.

SPENCER, J.—This is an appeal from a judgment of conviction based on an affidavit which charged appellant with a violation of §8351 Burns 1914, Acts 1907 p. 689. The affidavit was originally filed in the city court of the city of Marion, where appellant was tried and found guilty of the offense charged. He appealed to the circuit court of Grant County and there filed a special plea in bar to the further prosecution of this action. Appellee's demurrer to said special plea was sustained and

1. that ruling of the trial court is now challenged by appellant's first assignment of error. In the preparation of his brief, however, appellant has failed to set out a copy of his special plea and the demurrer addressed thereto; or to state the substance of either. Rule 22, clause 5, of the rules of this court expressly provides that the appellant's original brief shall contain "a concise statement of

Rowan *v.* State—184 Ind. 399.

so much of the record as fully presents every error and exception relied on," and is applicable in criminal as well as in civil cases. The failure of appellant to comply with this rule in the particulars above suggested must be deemed a waiver of the alleged error in question. *Rigrish* v. *State* (1912), 178 Ind. 470, 475, 99 N. E. 786; *Holliday* v. *Anheier* (1910), 174 Ind. 729, 93 N. E. 1; *Myers* v. *State* (1909), 171 Ind. 673, 87 N. E. 141.

The second assignment of error is that the court erred in overruling appellant's motion for a new trial. This motion contains eight grounds, of which the fifth is "that the court erred in sustaining demurrer to defendant's special plea in bar." The ruling on a demurrer, however, can not be urged as ground for a new trial [*Herron* v. *Herron* (1883), 91 Ind. 278, 280], but is properly presented for review only by an independent assignment of error. The remaining grounds of appellant's motion require a consideration of the evidence and of the instructions given by the court to the jury which tried the cause. Appellee contends, however, that neither the evidence nor the instructions are properly in the record and its position is well taken. The record before us contains a transcript of certain order book entries made, and of papers filed in the case, at the close of which there is a general certificate of the clerk of the Grant Circuit Court, under date of July 24, 1915, to the effect that said transcript contains a full, true and correct copy of all of such entries and papers. Immediately following this certificate there is included in the record a paper which purports to be a bill of exceptions. It contains a further transcript of papers filed and entries made in the case, a statement of the evidence alleged to have been given

VOL. 184—25

at the trial, and a copy of the instructions given to the jury. At the close of that part of the "bill of exceptions" which contains the pleadings and order book entries referred to, there may be found the signatures of the trial judge and the clerk of the Grant Circuit Court, while at the end of the entire paper the court reporter has certified "the above and foregoing to be a full, true and correct copy of all evidence taken by me in the case of *State of Indiana* v. *Fred Rowan*." The trial judge nowhere certifies that the bill of exceptions, or so much thereof as assumes to set out the evidence, contains all of the evidence given at the trial and there is no certificate of the clerk following the alleged "bill of exceptions" which authenticates any part thereof. It has been frequently held that the general certificate of the clerk should not precede or form a part of the bill of exceptions containing the evidence, but should be at the conclusion of the transcript and authenticate the bill of exceptions containing the evidence, as well as all other papers and entries embraced in the transcript. *Johnson* v. *Johnson* (1901), 156 Ind. 592, 594, 60 N. E. 451, and cases cited. Also, that a statement in the court reporter's certificate, appended to the evidence transcribed by her and embodied in the bill of exceptions, that the evidence so transcribed is all of the evidence given in the case is mere surplusage, constitutes no part of the bill of exceptions, and can not be considered. *Wagner* v. *Wagner* (1915), 183 Ind. 528, 109 N. E. 47. Furthermore, it affirmatively appears that the instrument which purports to be a bill of exceptions was filed with the clerk of the Grant Circuit Court on August 2, 1915, which was nine days after the authenticity of the record was certified to by the clerk. See *Nurrenbern* v. *Daniels*

(1904), 163 Ind. 301, 71 N. E. 889, and cases cited. It is clear, therefore, that the evidence is not

7. in the record and as the instructions, which were improperly included in the "bill of exceptions" containing the evidence, are not made a part of the record in any other manner, no question is presented as to their giving or refusal.

The third and last assignment of error is an independent attack on the action of the trial court in admitting, over appellant's objection, certain

8. items of evidence. Questions of this character may be presented only as grounds of a motion for a new trial and will then be considered only when the evidence is properly in the record.

The burden rests on the appellant to see that the record in a case contains a complete and accurate transcript of so much of the proceedings be-

9. low as shall be sufficient properly to present to this court the alleged errors of which he complains. *Weideroder* v. *Mace* (1916), *ante* 242, 111 N. E. 5. As appellant in the case at bar has failed properly to present any question for our consideration, the judgment of the trial court must be and is affirmed.

NOTE.—Reported in 111 N. E. 431. See, also, under (1) 12 Cyc 877; (2) 12 Cyc 874; (3) 12 Cyc 858; (6) 12 Cyc 853; (7) 12 Cyc 871; (8) 12 Cyc 867; (9) 12 Cyc 864.