GERMAN BAPTIST TRI-COUNTY MUTUAL PROTECTIVE
ASSOCIATION OF CASS, MIAMI AND HOWARD
COUNTIES v. CONNER.

[No. 9,208.    Filed April 17, 1917.]

1. INSURANCE.—*Fire Policy.—Construction.—Damage from Explosion.—Liability.*—Where a policy of fire insurance stipulates for indemnity for loss by fire generally and contains no provision exempting the insurer from liability for loss by explosion, the insurer is liable for damage resulting from an explosion, so that a fire insurance company is liable on a policy insuring against losses by "fire or lightning" where the assured's property was damaged by the explosion of acetylene gas which escaped and was ignited by fire in a stove.  pp. 299, 300.

2. INSURANCE.—*Construction of Policy.*—Where an insurance policy is so drawn as to be fairly susceptible of two different constructions, the construction most favorable to the insured will be adopted.  p. 300.

3. INSURANCE.—*Fire Policy.—Loss by Explosion.—Exception in Policy.—Liability.*—Where a policy of fire insurance contains a provision absolving the insurer from liability for loss by explosion, the insurer is liable for loss occasioned by the fire, if any, resulting from the explosion.  p. 300.

4. APPEAL.—*Briefs.—Sufficiency.*—Where appellant's brief fails to set out either the demurrer or the substance thereof, no question as to the ruling thereon is presented for review.  p. 301.

5. APPEAL.—*Record.—Bill of Exceptions.—Failure to Incorporate in Transcript.*—Where a purported bill of exceptions containing the evidence follows the certificate of the clerk that "the above and foregoing transcript contains full, true, correct and complete copies of all papers and entries" in the case, the bill is not properly incorporated into the transcript and cannot be considered for any purpose, so that grounds in a motion for a new trial requiring reference to the evidence for their consideration cannot be reviewed.  p. 301.

From Fulton Circuit Court; *Smith N. Stevens,* Judge.

Action by Elmer E. Conner against the German Baptist Tri-County Mutual Protective Association of Cass, Miami and Howard Counties.  From a judgment for plaintiff, the defendant appeals.  *Affirmed.*

*Cox & Andrews*, for appellant.

*Frank D. Butler, Albert Ward* and *E. E. Murphy*, for appellee.

DAUSMAN, J.—Appellee instituted this action against appellant to recover on a policy of fire insurance. A demurrer to each paragraph of complaint on the ground that neither stated facts sufficient to constitute a cause of action was overruled. An answer in four paragraphs was filed, and appellee's demurrer to the second, third and fourth paragraphs was overruled. Appellee replied in four paragraphs. A demurrer was filed to all paragraphs of reply except the first, and it was sustained as to the fourth paragraph and overruled as to the second and third paragraphs. There was trial by jury, which resulted in verdict and judgment for appellee in the sum of $2,453.90. Motion for a new trial was overruled. The errors properly assigned are the following: (1) The court erred in overruling the demurrer to the first paragraph of complaint; (2) the court erred in overruling the demurrer to the second paragraph of complaint; (3) the court erred in overruling the demurrer to the second and third paragraphs of reply; (4) the court erred in overruling the motion for a new trial.

The complaint consists of two voluminous paragraphs. So much of the first paragraph as has any bearing on the objection raised by the demurrer is in the following words and figures: "That the defendant is now, and for some years last past has been, an insurance corporation, organized and existing under the laws of the State of Indiana for the purpose of mutual insurance of the property of its respective members against loss by fire or damage by lightning; and that for more than ten years last past the defendant has been engaged in the general insurance business in the

counties of Cass, Miami and Howard, and during said time has been insuring its members against loss by fire or damage by lightning upon dwelling houses, barns, out-buildings and their contents, household goods, wearing apparel, provisions, musical instruments, etc., all as provided by the laws of the State of Indiana.

"That on the 28th day of December, 1906, the plaintiff became a member of said company; that on said day the company issued to him a certificate of such membership and policy of insurance, duly signed by the proper officers of said company; that a copy of the said certificate and policy is filed herewith, marked 'Exhibit A' and made a part of this paragraph of complaint.

"That by the terms and conditions of said certificate of membership and policy of insurance, the defendant, in consideration of the payment by plaintiff. of the proper membership fee and the annual assessment thereafter to be levied by the defendant, did thereby insure the plaintiff against loss or damage by fire to the total amount of $4,525.00; that said total amount was subsequently increased to the total amount of $5,225.00; that the property upon which said insurance was placed is referred to and described in said policy as follows, to wit: * * *.

"That by the terms and conditions of said certificate of membership and policy of insurance the defendant promised and agreed to make good and to pay to the plaintiff any and all loss or damage, not exceeding the amount that each of said articles was insured for, that should happen by fire to the said property during the continuance and life of said certificate of membership and policy of insurance.

"That on the 13th day of February, 1913, and while said certificate of membership and policy of insurance were in full force and effect, the property described in

said policy was injured, damaged and destroyed by fire in the manner and form more particularly described as follows: That on said date plaintiff had in the basement of said house an acetylene lighting plant which generated a combustible gas used for the lighting for said house; that in said basement at said time was a stove containing fire and which was used for the purpose of heating the basement; that on said date the gas so generated by said acetylene lighting plant escaped from its proper receptacles and came in immediate and direct contact with the fire in said stove; that said fire instantly ignited and burned said gas and caused a terrific explosion to at once take place; and that by reason of the combustion and explosion so caused and ensuing, the property in said policy described was injured, charred, burned and damaged as follows, viz.: The walls of said house No. 1 were shattered, cracked, crumbled and seriously damaged and the plastering torn loose and shattered therefrom; the windows were broken; floors and roof were damaged; the doors were cracked and split and said house otherwise damaged; that the damages as aforesaid to said house were in the sum of $2,500.00; that the household goods, musical instruments, sugar house, contents of sugar house, and the smokehouse were damaged in the following amounts, viz.: household goods, $500.00; musical instruments, $50.00; sugar house, $25.00; contents of sugar house, $15.00; smoke house, $25.00; making a total loss to said property so insured in the sum of $3,115.00.

"That the insurance on the property so burned, damaged and destroyed was and is in the sum of $2,015.00; that the damages to said property as aforesaid are such damages as are covered by and insured against in said certificate of membership and policy of insurance; and that all of said loss and damage was caused without

any fault, negligence or carelessness on the part of plaintiff."

The copy of the policy filed with the complaint is in the following words and figures:

"No. 6509                              $4,525.00
"CERTIFICATE OF MEMBERSHIP AND POLICY OF IN-
                SURANCE
                Issued by
The German Baptist Fire and Lightning, Tri-Coun-
ty Mutual Protective Association of Cass, Miami
and Howard Counties of the State of Indiana.
To Elmer E. Conner of Jefferson Township, Miami
County, State of Indiana, P. O. Address, Peru, R.F.
D. No. 5.
On the following property:   (Here follows a list
of the items of property insured with the amount
of insurance on each item).
Total amount insured, $4,525.00.
September 5, 1910.   Time of continuance, five
years.
Time of commencement, noon December 28, 1906.
N. B.   See Rules on back of this policy.
        (Seal)   S. T. Fisher, Peru, Ind. President.
                 E. S. Metsger, Peru, Ind. Secretary.
                 J. C. Olwin, Adjuster.
                 S. T. Fisher, Agent."

On the back of the policy are printed thirty-six rules or by-laws which constitute part of the contract of insurance. The only statements in these by-laws which tend to throw any light on the controversy presented here are the following:

"Rule 1.   The object of this Association shall be purely Christian—to do unto others as we would have others do unto us; to afford relief; and to pay each member thereof losses sustained by the burning of buildings or other property insured in the Association.

"Rule 9.   Any member suffering loss by fire or lightning shall without delay notify one of the Directors, who shall notify the Adjuster and he shall immediately proceed to ascertain the damage or

loss, and shall report it to the Secretary for adjustment; the Association reserves the right to rebuild or repair buildings destroyed or damaged by fire or lighting, and for the payment of such losses the Board of Directors shall make assessments annually and oftener if losses render it absolutely necessary; all losses to be paid within sixty days after the adjustment is made; the Secretary being authorized to borrow money in the name of the Association to pay losses that may accrue after the reserve fund has been exhausted.

"Rule 17. Live stock and farm implements, if burned or damaged by fire or lightning while off the owner's premises and in legitimate use, will be paid for in like manner as if on the owner's premises.

"Rule 18. Any person sustaining loss of live stock by fire or lightning shall have said stock appraised etc..

"Rule 19. Personal property will not be paid for if burned or damaged when stored in building not insured in this company."

The second paragraph is the same as the first, except that it contains brief averments concerning certain changes as to the amount of insurance on certain items of property as agreed by plaintiff and one Silas T. Fisher who was president and agent of the defendant company.

The essence of appellant's objections to the complaint, as shown by the memorandum filed with the demurrer, may be fairly stated in the following language: That the complaint shows upon its face that it is based on a policy of insurance against fire and lightning, but the facts stated do not show that either fire or lightning damaged plaintiff's property; that, on the contrary, the complaint shows that all the damage resulted from an explosion of acetylene gas, which explosion was not caused by "a fire" or followed by "a fire"; and that the complaint shows that there was no loss by fire within the meaning of the policy.

The first and second assignments of error present but one question, Is the loss sustained by the insured in the manner stated in the complaint such a

1. loss as comes within the purview of the policy?

In the realm of fire insurance there has grown up a recognition of two kinds of fires: the instantaneous combustion of an explosive substance, commonly called an explosion; and the slower combustion of non-explosive substances, commonly called "a fire". In the law of fire insurance the rule is well established that where the policy contains no provision exempting the insurer from liability for loss by explosion, but the stipulation is for indemnity for loss by fire generally, both kinds of combustion are included in the stipulation. In other words, where there is no exception in the policy absolving the insurer from liability for loss by explosion, the fire producing the explosion is regarded as the cause of the loss within the meaning of the policy.. *Furbush* v. *Consolidated, etc., Ins. Co.* (1908), 140 Iowa 240, 118 N. W. 371; *Heuer* v. *North Western Nat. Ins. Co., etc.* (1893), 144 Ill. 393, 33 N. E. 411, 19 L. R. A. 594; *Briggs* v. *North American, etc., Ins. Co.* (1873), 53 N. Y. 446; *Renshaw* v. *Missouri, etc., Ins. Co.* (1890), 103 Mo. 595, 15 S. W. 945, 23 Am. St. 904; *Scripture* v. *Lowell Mutual Fire Ins. Co.* (1852), 10 Cush. (Mass.) 356, 57 Am. Dec. 111; Ostrander, Fire Insurance (2d ed.) §328; May, Insurance (4th ed.) §402.

But counsel for appellant contend that, even in the absence of a clause excluding liability for loss by explosion, the terms of the policy which is the foundation of this action necessarily limit the company's liability to the loss occasioned by burning only; and that in determining this question the policy must be construed as any other contract. As supporting their conten-

tion, they rely entirely on the use of the word "burning" in rule No. 1.

For the purpose of construction, the law does not regard a policy of insurance as an ordinary contract. *Glens Falls Ins. Co.* v. *Michael* (1906), 167 Ind. 659, 74 N. E. 964, 79 N. E. 905, 8 L. R. A. (N. S.) 708. Where an insurance policy is so drawn as to be fairly susceptible of two different constructions, the

2.  courts will adopt that construction which is most favorable to the insured. *Aetna Ins. Co.* v. *Strout* (1896), 16 Ind. App. 160, 44 N. E. 934.

1.  This rule of construction is peculiarly appropriate to the case at bar. In view of the broad declaration of the purpose and spirit of the association as stated in rule No. 1, appellant cannot be permitted to narrow its obligation by a mere quibble on words.

Under the terms of the statute from which this company derives its existence, its only purpose is to provide "mutual insurance of the property of its members against loss by fire or damage by lightning." When considered in connection with the language of the statute, and in connection with the language of the other rules above set out, it becomes apparent that the language of the last clause of rule No. 1 does not limit, and was not intended to limit, the scope of the contract; and that the contract, evidenced by the policy as a whole, is an obligation to furnish indemnity for loss by fire generally.

It may be well to observe, also, that even where the policy contains a provision absolving the insurer from liability for loss by explosion, nevertheless the

3.  insurer is liable for the loss occasioned by the fire, if any, which results from the explosion. *Briggs* v. *North American, etc., Ins. Co., supra.* It is averred in the complaint that "the property described in said policy was injured, damaged and destroyed by

fire"; and "that by reason of the combustion and explosion so caused and ensuing, the property in said policy described was injured, charred, burned and damaged". So that on any view of the matter each paragraph of the complaint is sufficient to withstand the demurrer.

The demurrer to the second and third paragraphs of the reply, nor the substance thereof, is not set out in appellant's brief. Nor does the brief contain any reference to the page of the transcript where this demurrer may be found. Appellee's brief contains the positive statement that this demurrer is not in the transcript. Under these circumstances we cannot consider the third assignment of error. *Chicago Terminal, etc., R. Co.* v. *Walton* (1905), 165 Ind. 253, 74 N. E. 1090.

The transcript consists of 379 pages, of which the clerk's certificate constitutes page 108. This certificate is in the following words and figures:

"State of Indiana, County of Fulton, ss:

"I, Andrew E. Babcock, Clerk of the Fulton Circuit Court of Indiana, hereby certify that the above and foregoing transcript contains full, true, correct and complete copies of all papers and entries in said cause, filed in my office as such Clerk and recorded in the records of this office as required in the above and foregoing praecipe.

"In witness whereof, I have hereunto set my hand and affixed the seal of said Court this 3rd day of February, 1915.

(Seal)     Andrew E. Babcock, Clerk
Fulton Circuit Court of Indiana."

Beneath and following this certificate is a document which purports to be a bill of exceptions containing the evidence. Under the decisions of our Supreme Court, we cannot consider this document for any purpose. *Butt* v. *Lake Shore, etc., R. Co.*

(1902), 159 Ind. 490, 65 N. E. 529. Since none of the grounds stated in the motion for a new trial could be considered without referring to the evidence, the fourth assignment of error presents nothing for our consideration. Judgment affirmed.

NOTE.—Reported in 115 N. E. 804. Insurance: (a) liability of company for losses caused by explosions under policy excepting explosions from risks covered, 5 Ann. Cas. 780, Ann. Cas. 1913 A 1300; (b) losses by fire, as dependent on origin, 133 Am. St. 1087. See under (1, 2) 19 Cyc 656; (3) 19 Cyc 830.