## KENNEY ET AL. *v.* KING.

[No. 14,381. Filed May 6, 1932.]

*Anderson, Mayfield & Rynerson* and *Walter W. Houppert*, for appellants.

*Johnson & Zechiel*, for appellee.

BRIDWELL, C. J.—The appellee instituted this suit against appellants for an accounting and the recovery of money alleged to be due the estate of decedent; also, to have a lien declared against certain real estate of appellants, owned by them as tenants by entireties, on account of appellants having used funds of said decedent in improving such real estate. The issue was formed by an answer in general denial to the complaint, and the cause was tried by the court, resulting in a finding and judgment for appellee. Motion for a new trial was filed, overruled and exception taken. From the judgment rendered, this appeal was perfected, the error assigned and relied upon for reversal being the alleged error in overruling the motion for a new trial.

The motion for a new trial was based on each of the following grounds: (1) The finding and decision of the court is not sustained by sufficient evidence; (2) the finding and decision of the court is contrary to law; (3) the damages assessed by the court are excessive; (4) error in the assessment of the amount of recovery, in this, the amount is too large.

Appellants, in their brief, make no attempt to bring before this court the evidence given at the trial of the cause. There is no condensed recital of the evidence and no mention made of any evidence introduced. The question as to whether the decision of the court is sustained by sufficient evidence or is contrary to law can only be determined on appeal from the evidence, together with the law applicable

thereto. *Vaughn* v. *Ferrall* (1877), 57 Ind. 182; *State, ex rel.,* v. *Marsh* (1889), 119 Ind. 394, 21 N. E. 543; *Bronnenburg* v. *O'Bryant* (1894), 139 Ind. 17, 38 N. E. 416; *Weaver* v. *Kennedy* (1895), 142 Ind. 440, 41 N. E. 810; *Broeker* v. *Aetna Life Ins. Co.* (1908), 41 Ind. App. 316, 83 N. E. 756.

It is also contended by appellants that the judgment rendered is contrary to law because of its form. No motion to modify the judgment in any respect was filed, and, in the absence of such motion, no question as to the form of the judgment or extent of the relief granted is presented. *Lynch* v. *Milwaukee Harvester Co.* (1903), 159 Ind. 675, 65 N. E. 1025; *Migatz* v. *Stieglitz* (1906), 166 Ind. 361, 77 N. E. 400; *Broeker* v. *Aetna Life Ins. Co., supra; Moore* v. *Bible* (1910), 173 Ind. 413, 90 N. E. 892; *State, ex rel.,* v. *Davisson, Surveyor* (1910), 174 Ind. 705, 93 N. E. 6; *Krieg* v. *Palmer Nat. Bank* (1916), 67 Ind. App. 677, 111 N. E. 31.

No reversible error being presented, the judgment is affirmed.