## PAHMEIER *v.* ROGERS ET AL.

[No. 15,264. Filed April 22, 1936. Rehearing denied July 2, 1936. Transfer denied September 30, 1936.]

*Shuler McCormick,* for appellant.

*Alvin Padgett, Arthur Rogers, Fenton, Steers, Beasley & Klee,* for appellees.

WOOD, J.—The only error which the appellant relies upon for a reversal of this cause is the overruling of her motion for a new trial. The only causes for a new trial not waived and discussed in her brief are two, both of which relate to rulings of the trial court on the admission and exclusion of evidence.

To determine whether the trial court committed error in its ruling on either of these causes for a new trial would require an examination of the evidence, and that is not before us, for what purports to be the original bill of exceptions containing the evidence is not properly certified by the clerk of the circuit court.

That part of the clerk's certificate to the transcript, pertinent here, is as follows: "do hereby certify that

the above and foregoing transcript contains full, ■ true and complete copies, or the originals, of all papers and entries required in the foregoing transcript.

"And I further certify that the Bill of Exceptions containing the evidence hereinabove inserted is the identical and original Bill of Exceptions duly filed by the plaintiff in my office as Clerk on the 22nd day of February, 1934."

All reference in the clerk's certificate to the bill of exceptions containing the evidence must be understood to refer to a bill of exceptions containing the evidence, which should, but which in the transcript in this case does not precede the clerk's certificate. The document attached to and which purports to be an original bill of exceptions containing the evidence is inserted in the transcript after the clerk's certificate, is not certified by that official, and is therefore not a part of the record, so there is no question presented for our consideration. *Johnson* v. *Johnson* (1901), 156 Ind. 592, 60 N. E. 451; *Butt* v. *Lake Shore, etc., Co.* (1902), 159 Ind. 490, 65 N. E. 529; *Emulsified, etc., Co.* v. *City of Columbus* (1929), 89 Ind. App. 718, 167 N. E. 918; *Robinson* v. *Smith* (1917), 64 Ind. App. 119, 115 N. E. 336.

March 23, 1936, the appellant filed a petition in this cause, praying that this court issue an order to the clerk of the Daviess Circuit Court, directing and ■ commanding him to certify to this court the original bill of exceptions containing the evidence filed in the lower court. The record discloses that appellant's motion for a new trial was overruled November 25, 1933, on which date the time granted under the statute to take an appeal, to wit: 180 days, began to run. Thus it appears that appellant's petition to issue an order requiring the clerk to correct the transcript by incorporating therein and certifying said original bill

482

of exceptions was not filed in this court until long after the 180-day period during which appellant could appeal from the judgment of the lower court had expired. In order to be of any avail to appellant, her petition should have been filed within the period of 180 days from November 25, 1933. For cases lending some assistance on this question see *Smith, Admr.* v. *Harb* (1923), 193 Ind. 509, 138 N. E. 501; *Metropolitan, etc., Co.* v. *Payne* (1921), 76 Ind. App. 280, 131 N. E. 828.

Appellant's petition is denied and the judgment is affirmed.