CLAMME, ETC. *v.* HUTCHERSON, ETC.

[No. 16,347.   Filed October 15, 1940.]

*Simmons & Simmons,* of Hartford City, for appellant. *James R. Emshwiller,* of Hartford City; and *Roscoe D. Wheat,* of Portland, for appellee.

DEVOSS, J.—The appellee filed his complaint herein against the appellant in the Blackford Circuit Court for damages growing out of an alleged sale by appellee to appellant of merchandise consisting of pulp and tomatoes.   Thereafter a change of venue was taken to the Jay Circuit Court.

It is alleged in the complaint that said appellee purchased from appellant said merchandise and paid him

therefor, the sum of $9,755.59, but that said appellant failed to deliver a portion of said merchandise and that there is now due and owing said appellee as damages for such failure to deliver said merchandise, the sum of $7,500. To this complaint the appellant filed his amended answer in general denial, a set-off and counterclaim, and the appellee answered to said set-off and counterclaim by way of a general denial. The appellant filed a second paragraph of answer to the complaint setting up payment to which said second paragraph of answer appellee filed a reply in general denial.

The cause was submitted to the court for trial and after hearing the evidence, the court found that there was due appellee the sum of $8,418.88 upon his complaint, and that there was due appellant the sum of $6,132.64 on his set-off, and the court further found for the appellee on the counterclaim of appellant and rendered judgment for appellee in the sum of $2,286.24, together with costs.

After the trial of said cause and before the finding and judgment of the court, upon leave of court, appellee amended the prayer of his complaint to demand $8,500 damages. Appellant filed his motion for a new trial, which was overruled by the court. This appeal follows.

There is but one error assigned by appellant herein, and same is as follows: "The court erred in overruling appellant's motion for a new trial of said cause."

The specific causes set out in the motion for a new trial are: (1) The court erred in the assessment of the amount of recovery in this, the amount is too large. (2) The decision of the court is not sustained by sufficient evidence. (3) The decision of the court is contrary to law.

Each of the grounds set out in the motion for a new

trial upon which error is predicated, as presented by appellant's propositions and authorities, require an examination and a consideration of the evidence.

It is contended by appellee that the bill of exception containing the evidence is not properly in the transcript and cannot be considered.

On page 58 of the transcript appears the certificate of the clerk of Jay Circuit Court as follows: "I, Ernest L. Steed, Clerk of the Jay Circuit Court, within and for said county and state, do hereby certify that the above and foregoing transcript contains full, true, and correct copies, or the originals of all papers and entries in said cause required by the above and foregoing praecipe.

Witness my hand and the seal of said Court at Portland, Indiana, this 19th day of November, A. D. 1938.

> Ernest L. Steed,
> Clerk of the Jay Circuit Court."

Immediately following the clerk's certificate, there appears, on pages 59 and 60, a certificate of the court reporter authenticating the record of the evidence. Following the reporter's certificate, on pages 61 and 62 appears the statement of the trial judge relative to the filing of the bill of exceptions containing evidence. Following said certificate and statement of the court, there appears 249 pages of evidence. There is no certificate of any nature, kind or character following the evidence. What purports to be the original bill of exceptions containing the evidence, appears in the transcript after the clerk's certificate, is not certified to by him and is therefore not a part of the record. *Pahmeier* v. *Rogers* (1936), 102 Ind. App. 480, 1 N. E. (2d) 287; *Johnson, Adm.* v. *Johnson* (1901), 156 Ind. 592, 60 N. E. 451; *Butt* v. *Lake Shore, etc., R. Co.* (1902), 159

Ind. 490, 65 N. E. 529; *Emulsified Asphalt Co.* v. *City of Columbus* (1929), 89 Ind. App. 718, 167 N. E. 918; *Robinson* v. *Smith* (1917), 64 Ind. App. 119, 115 N. E. 336.

Appellant cites the case of *Guethiel* v. *Dow*, reported in the 177 Indiana at page 149, as sustaining his contention that the bill of exceptions is properly before this court. In that case the certificate of the clerk was at the end of the bill of exceptions containing the evidence but preceded the judge's certificate appearing on the next page. In passing on the question, the court said, "The clerk's certificate should not precede, nor form a part of, the bill of exceptions, but should be at the conclusion of the transcript, and authenticate the bill of exceptions, as well as all other matters in the record. An examination of the transcript reveals physical evidence of the fact that the defect was caused by the inadvertent transposition of the certificates of the judge and the clerk, and, in view of this fact, the court will consider the transcript as if the pages had not been transposed."

In the present case, not only does the clerk's certificate appear in the transcript before that of the judge, but it also appears before the purported bill of exceptions containing the evidence, which consists of some 249 pages, which are not authenticated by the clerk and cannot be considered as any part of the record in this case.

There being no question presented to this court, the judgment is affirmed.

NOTE.—Reported in 29 N. E. (2d) 320.