BURNETT *v.* STATE OF INDIANA

[No. 27,735.  Filed September 22, 1942.]

*Joseph T. Murphy,* of Wabash, for appellant.

*George N. Beamer,* Attorney General, and *Norman E. Duke,* Deputy Attorney General for the State.

ROLL, C. J.—Appellant was convicted in the Wabash Circuit Court from which judgment he brings this appeal.

Appellee, State of Indiana, has filed its motion to dismiss this appeal for the reason that no question is presented to this court by the record. The questions attempted to be presented require a consideration of the evidence and it is contended by the appellee that the original bill of exceptions containing the evidence

is not in the record, because the bill of exceptions is not certified to by the clerk, nor is there any showing that such bill of exceptions was ever filed with the clerk after it was signed by the judge.

The record discloses that the clerk's certificate is inserted in the transcript immediately before the bill of exceptions. On page 36 of the record, we find the clerk's certificate which reads as follows, omitting the formal heading:

"I, Leonard M. Tyner, Clerk of the Wabash Circuit Court in and for the County of Wabash and State of Indiana, do hereby certify that the above and foregoing is a full, true, complete and correct copy of all pleadings filed in this cause, excepting the Motion to Reduce Bond, which was an oral motion, and order book entries made herein all as required by the above and foregoing praecipe as the same appears on record in my office."

Following the clerk's certificate is what is designated as the bill of exceptions containing the evidence. Following the bill of exceptions is the certificate of the special judge who tried the case, to the effect that the bill of exceptions was tendered to the court and that the court examined the same and found that it was full, true, and complete and contained all of the evidence offered, and that the same was signed, approved and ordered made a part of the record. Following the judge's certificate, we find the certificate of the official court reporter. There is no order book entry showing that the bill of exceptions was ever filed with the clerk and the bill of exceptions is not authenticated in any way by the clerk of the Wabash Circuit Court.

This question has been decided by this court in at least two cases, in *Johnson, Adm.,* v. *Johnson* (1901), 156 Ind. 592, 60 N. E. 451; *Butt* v. *Lakeshore etc. R. Co.* (1902), 159 Ind. 490, 65 N. E. 529; and by the Appel-

late Court in *Clamme* v. *Hutcherson* (1940), 108 Ind. App. 384, 29 N. E. (2d) 320; and *Pahmeier* v. *Rogers* (1936), 102 Ind. App. 480, 1 N. E. 287.

Upon the authority of the above cases, we hold that the bill of exceptions containing the evidence is not properly in the record, and since the only question attempted to be presented requires a consideration of the evidence, it follows that no question is presented to this court for its determination, and the appellee's motion to dismiss should be and the same is sustained.

Appeal dismissed.

NOTE.—Reported in 43 N. E. (2d) 725.