HUNTER ET AL. *v.* STUMP ET AL.

[No. 17,698.   Filed January 21, 1948.]

*W. M. Turner,* of Lawrenceburg, attorney for appellants.

*Charles A. Lowe,* of Lawrenceburg, attorney for appellees.

DRAPER, C. J.—The appellees have filed a motion to dismiss this appeal on the ground that a decision of the questions presented by appellants' assignment of error requires a consideration of the evidence, and that the evidence is not in the record; and further because the appellants have failed to make the marginal notations required by Rule 2-5.

An examination of the record discloses an entry showing the filing of a bill of exceptions on September 19, 1947. This is followed on the next page of the record by the certificate of the clerk dated the same day which reads as follows:

> "I, Chester E. Guard, Clerk of the Dearborn Circuit Court of Dearborn County, State of Indiana, do hereby certify that the above and foregoing transcript contains a full, true and complete transcript of the entire record, entries made, papers filed and proceedings had in said cause required by the above and foregoing praecipe."

Following the certificate of the clerk appears a transcript of the evidence, and following that appears the certificate of the judge which is also dated September 19, 1947, which certifies that the longhand manuscript incorporated in the bill of exceptions is full, true and complete, and contains all of the evidence given in the cause, etc., and which recites that the bill of exceptions is approved, signed, sealed and filed in the cause as a bill of exceptions containing all of the evidence given in the cause, etc., and recites that the bill of exceptions is to be and constitute a part of the record and which orders the clerk to file the same as a part of the record in said cause and to certify said original bill of exceptions.

It has frequently been held that where the sole error assigned requires a consideration of the evidence, no question is presented to this court unless the evidence is properly before us. In this case the clerk has certified "that the *above and foregoing* transcript contains . . . (the) papers filed . . . in said cause." (Our emphasis.) The bill of exceptions containing the evidence, including the judge's certificate as a part thereof, follows and does not precede this certificate. It bears no file mark of any kind, and nowhere and in no manner is it identified as a bill of exceptions filed in the case. By his certificate the clerk not only does not certify the bill of exceptions as a paper filed in the cause, but he in effect certifies that it was not so filed, for it is not included in the transcript which precedes his certificate, and which he asserts includes the papers filed in the case. As above said, the certificate of the judge, being a part of the bill of exceptions, is itself not shown to have been filed, and in any event would not be sufficient to show the filing of the bill. *Rose* v. *Chicago, etc., R. Co.* (1914), 181 Ind. 658, 105 N. E. 241. We feel compelled to hold, therefore, that the evidence is not in the record. *De Hart* v. *The Board of Commissioners of Johnson County* (1896), 143 Ind. 363, 41 N. E. 825; *Johnson, Adm.* v. *Johnson* (1901), 156 Ind. 592, 60 N. E. 451; *Rowan* v. *State of Indiana* (1916), 184 Ind. 399, 111 N. E. 431.

We do not say the bill of exceptions cannot be considered as in the record merely because it does not precede the certificate of the clerk. The certificate of the clerk might be so made as to identify and include the bill even though the bill followed the certificate as was the case in *Kreig* v. *State* (1934), 206 Ind. 464, 190 N. E. 181, but such is not the case here.

In considering this matter we have not been unmindful of the fact that the present rules were designed to simplify appellate procedure, and that they should be liberally construed to accomplish that purpose. We have so construed them. *Hayes Freight Lines* v. *Oestricher* (1946), 117 Ind. App. 143, 68 N. E. 2d 792. And they have been so construed by our Supreme Court, *Walner* v. *Capron* (1946), 224 Ind. 267, 66 N. E. 2d 64. But we feel it would be dangerous, and would be going entirely too far, to construe those rules as presently written so as to permit us to consider, as a part of the record on appeal, matters that are in no way certified to be such and whose only claim to consideration is the fact that they are bound under the same cover with matters properly certified.

So far as the marginal notations required by Rule 2-5 are concerned, the appellants have completely failed to make such notation on any part of the record as filed by them.

In *Pension Fund of Disciples of Christ* v. *Gulley,* decided this term (76 N. E. 2d 694—Superseded on other grounds in 81 N. E. 2d 676), we held that the failure of the record to present a question because of the absence therefrom of a bill of exceptions containing the evidence does not constitute a reason for dismissing an appeal, but on the contrary requires an affirmance of the judgment.

We, therefore, overrule the motion to dismiss this appeal and affirm the judgment of the trial court.

Judgment affirmed.

NOTE.—Reported in 76 N. E. 2d 696.