MURPHY ET AL. *v.* HENDRICK.

[No. 19,097.   Filed March 30, 1959.   Motion To Reinstate Appeal denied May 11, 1959.   Transfer denied June 29, 1959.]

*Earl N. Davis, George P. Rice* and *Tyler, Sharp & Davis,* of counsel, all of Indianapolis, for appellants.

*Dulberger, Heeter & Salb, John M. Heeter* and *John J. Dillon,* of counsel, all of Indianapolis, for appellee.

COOPER, C. J.—This matter is now before us upon the motion of the appellee to dismiss or affirm this appeal.

A review of the record reveals that on June 27, 1957, the appellants' motion for a new trial was overruled; that on the 24th day of September, 1957, a notice of appeal was filed with the Clerk of this Court, and, at the same time, a petition for an extension of time within which to file a transcript and assignment of errors was filed.

On the 26th day of September, 1957, the petition for an extension of time was granted within which to file the transcript of record and assignment of error, and the appellant was given until October 28, 1957 in which to file his transcript of record and assignment of error.

The transcript contains the following two instruments, omitting the formal caption:

*"PRAECIPE*

"TO THE CLERK OF THE SUPERIOR COURT, MARION COUNTY:

"You are hereby requested to prepare and certify a complete transcript of the entire record of the above entitled cause, including the Instructions, to be used on appeal to the Appellate Court of Indiana. All bills of exceptions shall be included without copying.

signed: Keith Tyler
Attorney for Defendants

"Dated this 6th day of September, 1957."

. . . . .

"ROBERT L. HENDRICK
VS.
EBBIE A. MURPHY ET AL. } Praecipe No. 6801
Cause No. C-18377

Court of Marion County, Indiana
Room 2
Date Ordered October 21, 1957
Completed November 14, 1957

"The Clerk of the Marion Circuit Court will make a transcript for Appeal to the Appellate Court————Court in the above cause.

Tyler Sharp & Davis
Attorney for Ebbie A. Murphy Etal."

but we find no entry in the record showing that the foregoing instruments were ever filed with the Clerk of the Superior Court of Marion County, Room No. 2.

Rule 2-3 of our Supreme Court provides, in part:

". . . An appeal shall be initiated by filing in the office of the clerk below a praecipe designating what is to be embraced in the transcript. . . ."

A Clerk's Certificate appears in the transcript reading as follows:

". . . do hereby certify that the above and foregoing transcript contains full, true and correct copies of all the papers filed and entries of proceedings had in the above entitled cause as appears from the files and records in my office.

"I further certify that I have incorporated in this transcript the original Bill of Exceptions containing the evidence in said cause instead of a copy thereof, all as requested *by the above and foregoing praecipe.* . . ." (Our emphasis)

It seems settled that the Bill of Exceptions, as well as all other parts of the transcript must precede the

Clerk's Certificate and be identified by it. The only thing which precedes the Clerk's Certificate is the appellants' index and his Assignment of Errors. Therefore, everything after the Clerk's Certificate contained in the document before us is not certified. We have said that where the Certificate of the Clerk precedes the purported Bill of Exceptions containing the evidence, such as in the document before us, the Bill of Exceptions is not before the court as the authenticity thereof has not been certified by the Clerk. *Edwards* v. *Evansville City Coach Lines, Inc.* (1956), 126 Ind. App. 342, 133 N. E. 2d 88, and authorities cited; also, §2344, Flanagan, Wiltrout and Hamilton's Indiana Trial and Appellate Practice; §116, p. 242, note 87, Eubank's Manual of Practice; *Butt* v. *Lake Shore, etc., R. Co.* (1902), 159 Ind. 490, 65 N. E. 529; *Robinson* v. *Smith* (1917), 64 Ind. App. 119, 115 N. E. 336; *German Baptist Tri-County Mut. Protective Ass'n.* v. *Conner* (1917), 64 Ind. App. 293, 115 N. E. 804; *Peck & Mack Co.* v. *Schafer Hdw. Co.* (1921), 76 Ind. App. 426, 132 N. E. 305; *Pahmeier* v. *Rogers* (1936), 102 Ind. App. 480, 1 N. E. 2d 287; *Clamme* v. *Hutcherson* (1940), 108 Ind. App. 384, 29 N. E. 2d 320; *Radcliff* v. *Meisberger* (1942), 112 Ind. App. 135, 43 N. E. 2d 874.

On April 7, 1958, appellee filed its (his) motion to dismiss or affirm predicated on the matters aforesaid, but no steps have since been taken by appellant to amend the transcript now before us.

The failure of appellant to properly initiate an appeal and to furnish us with a properly-certified record leaves us with no recourse but to dismiss this appeal. Therefore, this appeal is dismissed.

Ryan and Smith, JJ., not participating.

Note.—Reported in 157 N. E. 2d 306.