DIANE COMPANY, INC., ETC. ET AL. *v.* BEEBE

[No. 19,072. Opinion on Motion To Dismiss Appeal filed September 30, 1957. Opinion on Merits filed October 10, 1960.]

162

*James P. Savage,* of Clinton, for appellants.

*Benjamin F. Stephenson,* of Rockville, and *R. D. Owens,* of Clinton, for appellee.

OPINION ON MOTION TO DISMISS APPEAL

PER CURIAM—We have before us a motion to dismiss this appeal. The motion is predicated upon the proposition that every question presented depends upon a consideration of the evidence for its solution and that the bill of exceptions containing the evidence is not in the record for lack of certification by the clerk of the Vermillion Circuit Court.

Upon an examination of the appellants' brief we find, *inter alia,* that they contend: (1) That the Vermillion Circuit Court was without jurisdiction of the subject matter of this action; and (2) that the action is against two defendants, to-wit, Diane Company, Inc., d/b/a Clinton Garment Company, and Alex Lieberman. That the court's decision is against "the defendant" without designating which defendant. That such a decision is not sustainable as it is uncertain which defendant the court found against and against which defendant judgment was rendered. Therefore the judgment herein is void for uncertainty and contrary to law. It is apparent that these questions

can be decided without resort to the evidence and the appellee's motion to dismiss is therefore overruled.

## OPINION ON THE MERITS

MYERS, J.—This action was commenced in the Vermillion Circuit Court by appellee to recover from the appellants on an account stated and on an open account.

The issues were made by the filing of a complaint in two paragraphs. The first paragraph alleged that the appellants were indebted to the appellee in the sum of $1,585.50 on an account stated. The second paragraph alleged that the appellants were indebted to the appellee for labor performed at their special instance and request in the sum of $325. The appellants filed their answer generally denying the allegations.

The cause was tried before the court without the intervention of a jury and a judgment recovered by the appellee in the sum of $1,485.50 on the first paragraph of the complaint and in the sum of $325 on the second paragraph.

A motion for a new trial was filed wherein the appellants stated: "That the finding or decision of the court is not sustained by sufficient evidence and is contrary to law." The court overruled it, and this appeal followed.

The appellants have assigned as error the overruling of the motion for a new trial, and, as a second specification, that the Vermillion Circuit Court did not have jurisdiction of the subject-matter of the action or of the parties.

Appellee calls attention in his brief to the fact that in the transcript as filed the bill of exceptions containing the evidence follows, and does not precede, the Clerk's Certificate. Thus, he claims that it cannot be considered as a part of the record, with the result that

matters concerning the evidence cannot be presented to this court.

Upon looking at the record, we find that the Clerk's Certificate, omitting the caption, reads as follows:

"I, Mary Frances Stokes, Clerk of the Vermillion Circuit Court within and for said County and State, do hereby certify that the above and foregoing transcript contains full, true and correct copies, or the originals, of all papers and entries in said cause required by the above and foregoing praecipe.

"I further certify that the *above and foregoing* bill of exceptions was filed with me on the 12th day of July, 1957. (Emphasis applies only to *above and foregoing*.)

"WITNESS my hand and the Seal of said Court, at Newport, this 12th day of July, 1957.

"Mary Frances Stokes
"Mary Frances Stokes, Clerk
"Vermillion Circuit Court"
(Our emphasis.)

It is located immediately following the page setting forth the appellants' praecipe for the record and immediately before the title page of the Bill of Exceptions Containing the Evidence.

Appellants' praecipe reads as follows:

"To the Clerk of the Vermillion Circuit Court:

"The defendants hereby request you to make up a full, complete, true and correct transcript of all papers, orders and proceedings filed, made and had in this cause, excepting only the defendant's original bill of exceptions containing the evidence and which said bill of exceptions you are requested to embody in said transcript without copying, and when so prepared, you will certify to said transcript, for use on appeal of this cause to the Appellate Court of Indiana.

"James P. Savage
"Attorneys for Defendants"

Thus, it can be seen that the bill of exceptions was not "embodied" in the transcript, and then, "when so prepared," certified by the Clerk. The bill of exceptions does not precede the Clerk's Certificate as so stated therein. See *Butt* v. *Lake Shore, etc., R. Co.* (1902), 159 Ind. 490, 65 N. E. 529, and *Hunter* v. *Stump* (1948), 118 Ind. App. 84, 76 N. E. 2d 696.

Section 2-3112, Burns' 1946 Repl., provides that the Clerk shall certify to all papers or copies thereof required by the praecipe. This certificate should be the last paper in the transcript, with the praecipe entered above it. *Johnson, Adm.* v. *Johnson* (1901), 156 Ind. 592, 60 N. E. 451; *Rowan* v. *State* (1916), 184 Ind. 399, 111 N. E. 431; *Butt* v. *Lake Shore, etc., R. Co., supra.* Where the bill of exceptions appears after the Clerk's Certificate it has been held not to be a part of the record because it is not certified thereto. *Robinson* v. *Smith* (1917), 64 Ind. App. 119, 115 N. E. 336; *German Baptist, etc., Assn.* v. *Conner* (1917), 64 Ind. App. 293, 115 N. E. 804; *Peck & Mack Co.* v. *Schafer Hardware Co.* (1921), 76 Ind. App. 426, 132 N. E. 305; *Pahmeier* v. *Rogers* (1936), 102 Ind. App. 480, 1 N. E. 2d 287; *Clamme* v. *Hutcherson* (1940), 108 Ind. App. 384, 29 N. E. 2d 320; *Radcliff* v. *Meishberger* (1942), 112 Ind. App. 135, 43 N. E. 2d 874; *Hunter* v. *Stump, supra; Edwards* v. *Evansville City Coach Lines, Inc.* (1956), 126 Ind. App. 342, 133 N. E. 2d 88; *Murphy* v. *Hendrick* (1959), 129 Ind. App. 655, 157 N. E. 2d 306.

This case does not fall within the exception as stated in the case of *Kreig* v. *State* (1934), 206 Ind. 464, 190 N. E. 181, wherein the Supreme Court held a bill of exceptions sufficiently certified even though following the Clerk's Certificate. However, there the Clerk's Certificate stated that the bill of exceptions, instead of

being copied into the record, was "embodied therein as originally filed."

Herein the certificate is general and did not specifically name the bill of exceptions as being a part of the record. It merely states that the "above and foregoing" bill of exceptions was filed with the Clerk. Accordingly, the bill of exceptions is not properly before this court, and we are thus prohibited from considering any matters pertaining to the evidence introduced in this cause. *Hunter* v. *Stump, supra.*

Appellants also contend that the court lacked jurisdiction over the parties and the subject-matter. This portion of their argument, as presented in their brief, is based only upon a claim that the statute of frauds prevents recovery by the appellee. We cannot see how such argument has the slightest bearing on or connection with the question of jurisdiction.

The Vermillion Circuit Court is a trial court of general jurisdiction and has the power and the authority to hear and determine cases of this sort. The record reveals that the lawsuit was properly commenced, summons duly served on the appellants, and that the parties appeared in person or by counsel at the time of the trial. Therefore, we find no merit to the second assignment of error.

Appellants finally argue that the judgment is contrary to law and void, as it did not designate which of the appellants the judgment was rendered against. The entry of judgment reads as follows:

"The Court having examined Briefs and Memorandum of parties and now being duly advised finds for the plaintiff on Paragraph One of Plaintiff's complaint. That there is due and owing plaintiff by *defendant* herein the sum of $1485.50. That said sum is due and unpaid. That plaintiff should recover judgment in said amount.

"And the Court being advised as to Paragraph Two of plaintiff's complaint now finds that *defendant* is indebted to plaintiff in the sum of $325.00. That said sum is due and unpaid. That plaintiff should recover judgment in said amount.

"Costs to *defendant*.

"Judgment and decree on finding." (Our emphasis.)

It is true that a judgment should show the parties against whom it is rendered. A judgment which does not do this may be void for uncertainty. However, it has been said by the Supreme Court of Missouri as follows:

"It is a well settled rule of law, approved by text writers and this court, that if there is any uncertainty in the judgment as to the party for or against whom it is rendered, it is proper to look to the entire record, including the pleadings and process to ascertain for or against whom the judgment is rendered." *State* v. *Haney* (1955), — Mo. —, —, 277 S. W. 2d 632, 635, 55 A. L. R. 2d 717, 721, 722.

In 33 C. J., Judgments, §131, p. 1198, the law is generally stated as follows:

"A judgment for 'plaintiff,' when there are several plaintiffs in the case, or against 'defendant,' when there are several, or one which erroneously describes the parties as 'plaintiffs' or 'defendants,' when there is only one party on each side, will not be void, if the record as a whole shows clearly, and without any doubt, for and against whom the judgment is intended to be given." See also 49 C. J. S., Judgments, §75.

The law is stated to the same effect in 30A Am. Jur., Judgments, §59, p. 205.

A review of the record shows that the title of the

complaint is "Harrison Beebe vs Diane Company, Inc., d/b/a Clinton Garment Company   Alex Lieberman." In the first paragraph it is alleged that there was an account stated between plaintiff and "defendants," *in the plural*, upon which there was found to be due plaintiff from the "defendants," in the plural, the sum of $1,585.50, and that there was due from the named "defendants," in the plural, the said sum. Plaintiff asked for judgment on this paragraph of his complaint. In the second paragraph it is alleged that the "defendants," in the plural, were indebted to the plaintiff in the sum of $325, and that the "defendants," in the plural, should pay the said sum with interest.

A summons was served on Diane Company, Inc., d/b/a Clinton Garment Company, and Alex Lieberman. "Defendants" filed a motion to make more specific, "each of them separately and severally considered." The record further shows that the "defendants" introduced evidence at the trial and that "defendants" moved for finding for insufficiency of evidence. Following the trial and the rendition of judgment against them, the "defendants" each separately and severally moved for a new trial. When this motion was overruled, the "defendants" filed their praecipe with the Clerk ordering a complete transcript of the record to be used on appeal. When filing their transcript, they named themselves as parties appellant, and their assignment of errors recites:

> "The appellants, DIANE COMPANY, INC., and ALEX LIEBERMAN, respectfully show to the court that there is manifest error in the judgment and proceedings. . . ."

We think that the record as a whole clearly indicates that the judgment was against the named defendants,

Diane Company, Inc., and Alex Lieberman, and that the use of the word "defendant," in the singular, that the court has used in its entry of judgment, was an oversight or clerical mistake inadvertently made. See *Taylor et al.* v. *Taylor* (1878), 64 Ind. 356, 359.

Furthermore, appellants made no effort to correct or modify the judgment in the lower court. It has been stated many times by the courts of our state that the form or substance of a judgment cannot first be questioned in the Appellate or Supreme Court, but the question must first be presented to the court below by motion to modify. A ruling against the party asking such correction may be assigned as error in the Appellate or Supreme Court. *Jackson* v. *State* (1953), 232 Ind. 453, 465, 112 N. E. 2d 433; *Kenney* v. *King* (1932), 94 Ind. App. 344, 346, 180 N. E. 871.

There being no error in the record, the judgment is affirmed.

Ax, P. J., and Ryan and Cooper, JJ., concur.

NOTE.—Opinion on Motion To Dismiss reported in 145 N. E. 2d 20. Opinion on the Merits reported in 169 N. E. 2d 542.