## COLLINS *v.* COLLINS.

[No. 19,572. Filed February 19, 1963.]

*Theodore J. Smith,* of Lafayette, for appellant.

*David R. Baum,* of Delphi, and *William C. Moore,* of Lafayette, for appellee.

KELLEY, J.—Appellee was granted an absolute divorce from appellant on April 12, 1960. On May 9, 1960 appellant filed her motion for a new trial on the grounds that (1) the decision of the court is not sustained by sufficient evidence, and (2) the decision

of the court is contrary to law. The motion for a new trial was overruled and from such ruling this appeal is prosecuted.

The transcript and assignment of errors was filed herein on February 10, 1961, pursuant to the grant of extension of time for the filing thereof. It appears that appellee died on March 13, 1961. There has been no appearance herein for appellee. No substitution for the deceased appellee has been made and no appellee's answer brief has been filed. The cause will therefore be determined as of date of submission. Burns' 1946 Replacement, §2-3235; 2 I. L. E., *Appeals*, §202; Flanagan, Wiltrout and Hamilton, *Indiana Trial and Appellate Practice*, §2491, Comment 1, page 211.

Under the circumstances above referred to, we think it proper to adhere to the established rule that if appellant's brief discloses a prima facie case of reversible error, we are justified in reversing the judgment appealed from. *Wertzberger, Administrator, Etc.* v. *Herd et al.* (1957), 128 Ind. App. 85, 88, 146 N. E. 2d 115; *Kalbac* v. *Kalbac* (1961), 132 Ind. App. 593, 594, 177 N. E. 2d 279; *Newton, doing business as Newton Gravel Company* v. *Hunt, doing business as Hunt Furniture Company* (1957), 127 Ind. App. 456, 142 N. E. 2d 643.

The determinaton of the errors specified in appellant's motion for a new trial requires a consideration of the evidence. However, we are denied the privilege of making such determination for the reason that the evidence is not in the record. The transcript reveals that the Clerk's Certificate, under date of February 8, 1961, omitting the caption, recites:

"I, Frank Wilcox, The undersigned Clerk of the Carroll Circuit Court of Indiana, do hereby

certify the *above and foregoing* to be a true, full and complete copy of the transcript of the divorce proceedings of Frank L. Collins v. Ecil R. Collins, as the same appears from the records of said court in my custody as such clerk.

WITNESS my hand and the official seal of said court at my office in the Court House in the City of Delphi, County of Carroll, State of Indiana, this 8th day of February, 1961.

Frank Wilcox
FRANK WILCOX,
Clerk of the Carroll
Circuit Court of
Indiana."
(Our emphasis)

Said certificate is located on page 21 of the 82 page transcript and follows next after appellant's praecipe, a nunc pro tunc entry of the judgment by the court on January 22, 1961, "as of April 12, 1960," and a certificate by the trial judge of the presentation to him by appellant of her bill of exceptions.

On page 23 of the transcript appears the certificate of the court reporter which is followed by what said court reporter states to be "her correct and complete transcript of all of the proceedings in said cause. . . ." Immediately following said certificate is what apparently purports to be a transcript of the evidence which extends from page 24 to page 80, inclusive, of the transcript. Next following, on page 81, is a certificate by the court reporter that the "foregoing transcript contains all of the evidence given in said cause." On the last page of the transcript, being page 82, is a certificate by the trial judge settling the bill of exceptions.

It is apparent that (1) the bill of exceptions does not precede the Clerk's Certificate; (2) that the bill of exceptions is not certified to by the Clerk of the

trial court; and (3) the entire transcript is not certified to by the Clerk. The Clerk's Certificate does not certify anything as to the evidence or bill of exceptions. It simply states that the "above and foregoing" is a true, full and complete copy "of the Transcript of the divorce proceedings." Therefore, this case does not fall within the exception stated in *Kreig* v. *State* (1934), 206 Ind. 464, 190 N. E. 181.

It has long been established in this state that a bill of exceptions which does not precede the Clerk's Certificate is not a part of the record because it is not certified to be such. *Butt* v. *Lake Shore, etc. R. Co.* (1902), 159 Ind. 490, 65 N. E. 529; *Hunter* v. *Stump* (1948), 118 Ind. App. 84, 76 N. E. 2d 696; *Clamme, etc.* v. *Hutcherson, etc.* (1940), 108 Ind. App. 384, 29 N. E. 2d 320; *Edwards* v. *Evansville City Coach Lines, Inc.* (1956), 126 Ind. App. 342, 343, 133 N. E. 2d 88; *Murphy et al.* v. *Hendrick* (1959), 129 Ind. App. 655, 658, 157 N. E. 2d 306; Flanagan, Wiltrout and Hamilton, *Indiana Trial and Appellate Practice*, §2344; *Diane Company, Inc. etc. et al.* v. *Beebe* (1960), 131 Ind. App. 161, 166, 167, 169 N. E. 2d 542; *Robinson* v. *Smith* (1917), 64 Ind. App. 119, 115 N. E. 336; *German Baptist, etc., Assn.* v. *Conner* (1917), 64 Ind. App. 293, 115 N. E. 804; *Peck & Mack Co.* v. *Schafer Hardware Co.* (1921), 76 Ind. App. 426, 132 N. E. 305; *Pahmeier* v. *Rogers* (1936), 102 Ind. App. 480, 1 N. E. 2d 287; *Radcliff* v. *Meishberger* (1942), 112 Ind. App. 135, 43 N. E. 2d 874; 2 I. L. E. *Appeals*, §§315 and 316.

Upon this state of the record it is evident that appellent is not in position to successfully urge the specifications of error upon which she relies.

Judgment affirmed.

Mote, P. J., Hunter and Pfaff, JJ., concur.

NOTE.—Reported in 188 N. E. 2d 121.